**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| ELAINE JOHNSON, *on behalf of herself and others similarly situated*, | Civil Action No.: |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| UnitedHealthcare, Inc., | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

**Nature of the Action**

1. Elaine Johnson ("Plaintiff") brings this class action against UnitedHealthcare, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of artificial and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

1

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, upon information and good faith belief, Defendant routinely used an artificial or prerecorded voice in connection with non-emergency calls it placed to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

7. For example, Defendant directed the subject artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

## Parties

8. Plaintiff is a natural person.

9. Plaintiff resides in Lake County, Florida.

10. Defendant is a health benefits company based in Hennepin County, Minnesota.

11. Defendant aims "to deliver affordable, simple experiences and high-quality access to care," including through simplified health plans as well as its HouseCalls program.[1]

12. Through Defendant's "HouseCalls for Medicare Advantage members, clinicians identify gaps in care and develop individualized care plans, bringing personalized care into the home and providing better insight into members' health needs."[2]

**Factual Allegations**

13. From approximately January 2021 until approximately May 2023, Plaintiff was the sole and customary user of telephone number (XXX) XXX-9142.

14. From approximately January 2021 until approximately May 2023, telephone number (XXX) XXX-9142 was assigned to a cellular telephone service.

15. Beginning in 2021, Defendant placed numerous calls to, and delivered artificial or prerecorded voice messages to, telephone number (XXX) XXX-9142.

16. Defendant placed at least one call to telephone number (XXX) XXX-9142 on October 28, 2021.

17. Defendant placed at least one call to telephone number (XXX) XXX-9142 on November 8, 2021.

18. Defendant placed at least one call to telephone number (XXX) XXX-9142 on April 13, 2022.

---

[1] https://www.unitedhealthgroup.com/driven-by-our-mission/what-we-do/health-benefits.html (last visited August 16, 2023).

[2] *Id.*

19. In connection with several of its calls to telephone number (XXX) XXX-9142, Defendant delivered an artificial or prerecorded voice message.

20. For example, on October 28, 2021, Defendant delivered a prerecorded voice message to the voicemail box associated with telephone number (XXX) XXX-9142 that stated:

> Hello. Hello, this is an important call from the HouseCalls program on behalf of UnitedHealthcare. Please call us back at 866-686-2504 at your earliest convenience to discuss how you may be eligible, per the terms of your plan, for a rewards card. For the hearing-impaired, please use TTY PA relay 711. Call us Monday through Friday between the hours of 8 a.m. and 8:30 p.m. Eastern time, 5 a.m. to 5:30 p.m. Pacific time. It's important that we speak with you. Thank you.

21. On November 8, 2021, Defendant delivered an identical prerecorded voice message to the voice mail box associated with telephone number (XXX) XXX-9142 that stated:

> Hello. Hello, this is an important call from the HouseCalls program on behalf of UnitedHealthcare. Please call us back at 866-686-2504 at your earliest convenience to discuss how you may be eligible, per the terms of your plan, for a rewards card. For the hearing-impaired, please use TTY PA relay 711. Call us Monday through Friday between the hours of 8 a.m. and 8:30 p.m. Eastern time, 5 a.m. to 5:30 p.m. Pacific time. It's important that we speak with you. Thank you.

22. On April 13, 2022, Defendant delivered a prerecorded voice message to the voicemail box associated with telephone number (XXX) XXX-9142 that stated:

> Hello. Hello, this is an important call from UnitedHealthcare. Please call us back at 1-866-686-2504 at your earliest convenience to discuss how you may be eligible, per the terms of your plan, for a reward. For the hearing-impaired, please use TTY PA relay 711. Call us Monday through Friday between the hours of 8 a.m. and 8:30 p.m. Eastern time, 5 a.m. to 5:30 p.m. Pacific time. It's important that we speak with you. Thank you.

23. The prerecorded voice messages Defendant delivered to the voicemail box associated with telephone number (XXX) XXX-9142 on October 28, 2021, November 28, 2021, and April 13, 2022, are generic.

24. For instance, Defendant delivered the exact same prerecorded voice message to the voicemail box associated with telephone number (XXX) XXX-9142 on more than one occasion.

25. As well, the prerecorded voice messages Defendant delivered to the voicemail box associated with telephone number (XXX) XXX-9142 use speech patterns common to prerecorded voice messages and not common in live speech.

26. Plaintiff listened to the artificial or prerecorded voice messages Defendant delivered to telephone number (XXX) XXX-9142.

27. On several occasions, Plaintiff answered Defendant's calls to telephone number (XXX) XXX-9142.

28. On at least one occasion, Plaintiff spoke with one of Defendant's representatives.

29. On that occasion Plaintiff informed Defendant that it was calling the wrong telephone number and that she had no business with Defendant.

30. No matter, Defendant continued to place telephone calls to, and deliver artificial or prerecorded voice messages, to telephone number (XXX) XXX-9142.

31. Upon information and good faith belief, Defendant's records will identify each call it placed to telephone number (XXX) XXX-9142.

32. Upon information and good faith belief, Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (XXX) XXX-9142.

33. Defendant did not have Plaintiff's prior express consent to place any calls to telephone number (XXX) XXX-9142.

34. Defendant did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to telephone number (XXX) XXX-9142.

35. Plaintiff never provided telephone number (XXX) XXX-9142 to Defendant.

36. Plaintiff never had any business relationship with Defendant.

37. Plaintiff does not have, and never had, a health plan with Defendant.

38. Plaintiff does not, and never did, owe any money to Defendant.

39. Plaintiff believes Defendant's calls and prerecorded voice messages to telephone number (XXX) XXX-9142 were intended for someone other than Plaintiff.

40. Plaintiff does not know the person Defendant intended to reach by placing its calls to telephone number (XXX) XXX-9142.

41. Plaintiff did not authorize anyone to use telephone number (XXX) XXX-9142 in connection with UnitedHealthcare services.

42. Defendant did not place any calls to telephone number (XXX) XXX-9142 for emergency purposes.

43. Defendant did not deliver any artificial or prerecorded voice messages to telephone number (XXX) XXX-9142 for emergency purposes.

44. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (XXX) XXX-9142 under its own free will.

45. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone number (XXX) XXX-9142.

46. Plaintiff suffered actual harm as a result Defendant's calls and artificial or prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, a private nuisance, and was forced to spend time trying to determine how to get the calls to stop.

47. Upon information and good faith belief, Defendant, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

48. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom UnitedHealthcare, Inc. placed a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a UnitedHealthcare, Inc. account or health plan, (3) in connection with which it used an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.

49. Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

50. Upon information and good faith belief, the members of the proposed class are so numerous that joinder of all of them is impracticable.

51. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

52. The proposed class is ascertainable because it is defined by reference to objective criteria.

53. In addition, and upon information and good faith belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.

54. Plaintiff's claims are typical of the claims of the members of the class.

55. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

56. Plaintiff's claim, and the class members' claims, originate from the same conduct, practice and procedure on the part of Defendant.

57. Plaintiff's claims are based on the same theories as the claims of the members of the class.

58. Plaintiff suffered the same injuries as the members of the class.

59. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without her consent, in violation of 47 U.S.C. § 227.

60. Like all members of the proposed class, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though she does not, and never did, have a health plan with Defendant.

61. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

62. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

63. Plaintiff will vigorously pursue the claims of the members of the class.

64. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

65. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

66. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

67. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

68. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

69. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

70. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

71. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

72. There will be little difficulty in the management of this action as a class action.

73. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

74. Among the issues of law and fact common to the class:

    a. Defendant's violations of the TCPA as alleged in this class action complaint;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers; and

    d. the availability of statutory damages.

75. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class

76. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 75.

77. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to telephone number (XXX) XXX-9142, and the cellular telephone numbers of the members of the class, without consent.

78. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to (XXX) XXX-9142, and the cellular telephone numbers of the members of the class, without consent.

79. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, designating Plaintiff as the class representative, and designating Plaintiff's counsel as class counsel under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

      (c)      Awarding Plaintiff and members of the class damages pursuant to 47 U.S.C. § 227(b)(3)(B);

      (d)      Awarding Plaintiff and members of the class treble damages pursuant to 47 U.S.C. § 227(b)(3);

      (e)      Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

      (f)      Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

      (g)      Awarding such other and further relief as the Court may deem just and proper.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Dated: August 16, 2023            */s/ Aaron D. Radbil*
Aaron D. Radbil
Jesse S. Johnson
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
aradbil@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*