# Exhibit "D"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| Elaine Johnson, *on behalf of herself and others similarly situated,* | ) Civil Action No.: 5:23-cv-00522-GAP-PRL |
| Plaintiff, | ) |
| v. | ) |
| United HealthCare Services, Inc., | ) |
| Defendant. | ) |

**PLAINTIFF'S ANSWERS, RESPONSES, AND OBJECTIONS TO DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S FIRST SETS OF INTERROGATORIES AND DOCUMENT REQUESTS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Elaine Johnson ("Plaintiff") submits her answers, responses, and objections to United HealthCare Services, Inc.'s ("Defendant") First Set of Interrogatories and First Set of Document Requests.

**Interrogatories**

**Interrogatory No. 1:** Identify all persons with knowledge of the events, facts, or circumstances alleged in the Amended Complaint and describe in detail the subject matter, nature, and extent of each such individual's knowledge.

**Answer:** Plaintiff objects to this interrogatory as overly broad, vague, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, in that the subject matter is impermissibly broad and unspecific. Plaintiff's allegations in the Amended Complaint cover an array of events, facts, and circumstances, including, *inter alia*, Plaintiff's status as a "natural person," her place of residence in Florida, her use of the -9142 telephone number, Defendant's business purpose and place of headquarters in Minnesota, and the susceptibility of Plaintiff's claim to class action treatment. Countless individuals possess knowledge of the facts or circumstances surrounding one or more of these various topics. By way of example, numerous of Plaintiff's family members, friends, classmates, and faculty members know she is a natural person residing in Florida who at one time used the -9142 telephone number. And by way of another example, all of Defendant's current and former employees, as well as its current and former accountholders, know Defendant's business of providing healthcare coverage and benefits, though those employees and accountholders are unknown to Plaintiff. In any event, even for those individuals who Plaintiff could identify, they possess only tangentially relevant knowledge, so for Plaintiff to do so would be unduly burdensome while providing limited, if any, probative value. Subject to these objections, Plaintiff's mother, ▮▮▮▮▮▮▮▮, is aware that Plaintiff filed the instant action related to Defendant's unwanted telephone calls.

1

**Interrogatory No. 2:** Identify and describe in detail the telephone account(s) or plan(s) for the number(s) on which you received any telephone calls or text messages from United, including without limitation the subscriber to the plan(s), in whose name the bills are paid, telephone numbers listed under the plan(s), names of individuals associated with each telephone number, the purposes for which each of the numbers are used, how long you have had the account or plan, and plan provider(s).

**Answer:** Plaintiff objects to this interrogatory as overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence, in that Defendant requests descriptions "in detail" without specifying to what extent. Subject to these objections, Plaintiff received the subject calls from Defendant on telephone number (352) 406-9142, for which she was the sole and customer user, and for which her mother, Charlene Daniels, was the subscriber. Plaintiff used the -9142 cellular telephone number for approximately a year and a half, from August 2021 through February 2023, with cellular service first through Cricket Wireless until January 2022, and then through T-Mobile thereafter. Plaintiff's mother opened the -9142 cellular service account in her own name but for Plaintiff's use, and Plaintiff remained the sole and customary user of the -9142 cellular telephone number from August 2021 through February 2023. During this time, Plaintiff regularly paid the bills for the -9142 cellular telephone service, and she used the -9142 cellular telephone service for personal rather than business purposes.

**Interrogatory No. 3**: Identify and describe in detail any telephone calls that you allege that you received from or on behalf of United, including, without limitation, all telephone number(s) involved in such calls, the precise number of calls received, the dates and times of such calls, the length of each call, and the contents of such calls. The description of the contents of each call should include, without limitation, whether you answered the call; any instructions you received; and when you ended the call.

**Answer:** Plaintiff objects to this interrogatory as overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence, in that Defendant requests descriptions "in detail" without specifying to what extent. Plaintiff further objects to the extent this interrogatory seeks information that is currently in Defendant's custody, possession, or control, as Defendant maintains records of its telephone calls to Plaintiff's cellular telephone number, which it has produced in this litigation. Plaintiff additionally objects that these calls occurred years ago, so it may be difficult for her to recall specific details of any given telephone call from so long ago. Subject to these objections, and as confirmed by Defendant's own call records, beginning in August 2021 and continuing into April 2022, Plaintiff received multiple telephone calls from Defendant on her cellular telephone number, including calls in connection with which Defendant left her a voicemail message with a prerecorded voice. Among those calls, Defendant placed telephone calls to Plaintiff's cellular telephone number resulting in prerecorded voice voicemail messages on October 5, 2021; October 28, 2021; November 8, 2021; and April 13, 2022. Defendant placed these calls from telephone number (443) 492-2802 and encouraged a call back to telephone number (866) 686-2504. Defendant placed additional calls to Plaintiff, and may have used an artificial or prerecorded voice in connection with those calls, including on August 12, 2021; November 3, 2021; November 5, 2021; November 10, 2021; and April 18, 2022. Defendant's artificial or prerecorded messages to Plaintiff all concerned services through Defendant's

2

HouseCalls program, as confirmed by Defendant's records and its Rule 30(b)(6) corporate representative.

Based on the audio quality and speech patterns present in Defendant's voicemail messages, and as Defendant itself admits, Defendant used a prerecorded voice in connection with these messages. Indeed, Defendant's call records confirm that it left a voicemail message for Plaintiff using an artificial or prerecorded voice on October 5, 2021; October 28, 2021; November 8, 2021; and April 13, 2022. Additionally, Plaintiff recalls answering Defendant's telephone calls on a couple of occasions, including on April 18, 2022, when Plaintiff spoke to one of Defendant's customer service representatives to explain that Defendant was calling the wrong telephone number. The customer service representative apologized and indicated he would update Defendant's records. Defendant has produced an audio recording of this April 18 call confirming Plaintiff's conversation. On other occasions when Plaintiff answered Defendant's calls, she recognized Defendant as the caller, then hung up the phone.

**Interrogatory No. 4:** Identify and describe in detail any telephone calls where you allege that you "informed Defendant that it was calling the wrong telephone number and that [you] had no business with Defendant," Dkt. 16 (Am. Compl.) ¶ 29, including, without limitation, all telephone number(s) you called, all telephone number(s) you used to place the calls, the precise number of calls made, the dates and times of such calls, the length of each call, and the contents of such calls, including whether you reached an automated system or a live agent; any instructions you received; and when you ended the call.

**Answer:** Plaintiff objects to this interrogatory as overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence, in that Defendant requests descriptions "in detail" without specifying to what extent. Plaintiff further objects to the extent this interrogatory seeks information that is currently in Defendant's custody, possession, or control, as Defendant maintains records of its telephone calls to Plaintiff's cellular telephone number and related recordings, which it has produced in this litigation. Plaintiff additionally objects that the subject calls occurred years ago, so it may be difficult for her to recall specific details of any given telephone call from so long ago. Subject to these objections, and as confirmed by Defendant's call records, recordings, and related Rule 30(b)(6) testimony, Plaintiff answered one of Defendant's calls on April 18, 2022, spoke with one of Defendant's customer service representatives to explain that Defendant was calling the wrong telephone number, heard confirmation from the representative that Plaintiff's name is not the name listed on the account Defendant associated with her cellular telephone number, heard the customer service representative apologize for the calls, and heard him state that he'd update Defendant's records accordingly.

**Interrogatory No. 5:** Identify all telephone numbers that have been registered in your name or for which you have been the subscriber since January 1, 2021, including the dates that the numbers were registered to you.

**Answer:** Plaintiff objects to this interrogatory as overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence to the extent Defendant seeks information related to telephone numbers to which Defendant did not place any telephone calls and which therefore have no bearing on Plaintiff's claim or Defendant's potential defenses. Subject

3

to these objections, Plaintiff has subscribed to cellular telephone number ▮▮▮▮▮▮▮ since approximately February 2023. The ▮▮▮▮ telephone number is registered in Plaintiff's name.

**Interrogatory No. 6:** State whether you or anyone who was a user of, subscriber to, or otherwise affiliated with any telephone numbers you have used since January 1, 2021, ever had any business, consumer, or other relationship, with United. If so, describe your response in detail, including but not limited to the nature of the account or relationship.

**Answer:** Plaintiff objects to this interrogatory as overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, in that any subscribers other than herself have no bearing on Plaintiff's claim or Defendant's defenses, and given that Defendant requests descriptions "in detail" without specifying to what extent. Subject to these objections, Plaintiff's mother, ▮▮▮▮▮▮▮, who was the subscriber to the -9142 number when Plaintiff used that cellular telephone number, may have a consumer relationship with Defendant (or with one of Defendant's affiliates) as ▮▮▮▮▮▮ has healthcare coverage through a United Healthcare entity.

**Interrogatory No. 7:** Have you ever been a party to a lawsuit other than in this case? If yes, for each lawsuit, identify (a) the date the lawsuit was filed; (b) the court in which it was filed; (c) the caption and case number of the lawsuit; (d) all parties to the lawsuit; (e) the attorneys who represented each of the parties in the lawsuit; (f) the subject matter of the lawsuit; (g) your role in the lawsuit; and (h) the status or outcome of the lawsuit, including any and all compensation that you received.

**Answer:** No.

**Interrogatory No. 8:** Describe the fee or payment agreement that you have with the attorneys representing you in this matter and state the amount of attorneys' fees and expenses incurred to date.

**Answer:** Plaintiff objects to this interrogatory because it invades the attorney-client privilege and seeks attorney work product. Plaintiff further objects to this interrogatory as irrelevant, as this case does not involve any fee-shifting claims and thus the prejudicial value of providing the requested information outweighs its probative value.

**Interrogatory No. 9:** Identify all communications, whether written or oral, between you or a putative class member and the putative class attorney(s) in the instant matter, including any advertisements, communications referrals, and requests for referrals that are not specifically related to the instant case. This interrogatory is limited to those communications that are not protected by the attorney-client privilege.

**Answer:** Plaintiff objects to this interrogatory to the extent it invades the attorney-client privilege and seeks attorney work product, and to the extent it seeks information directly from Plaintiff's counsel not otherwise within Plaintiff's own knowledge. Plaintiff further objects to the extent the identities of putative class members currently are unknown to her or her counsel. Subject to these objections, Plaintiff is unaware of any communications between her or her counsel, on

4

one hand, and putative class members, on the other hand. However, Plaintiff's counsel is aware of one individual who could potentially meet the proposed class definition in the Amended Complaint, whose information Plaintiff's counsel shared with Defendant's counsel via telephone call and correspondence on March 28, 2024.

**Interrogatory No. 10:** Identify your date of birth and any other names that you have been known by in the past.

**Answer:** Plaintiff was born on ███████████ and has not used any other names in the past.

**Interrogatory No. 11:** Identify all health insurance plans to which you have been a member or subscribed during the past ten (10) years.

**Answer:** Plaintiff objects to this interrogatory as overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, in that health insurance coverage with a company other than Defendant has no bearing on Plaintiff's claim or Defendant's potential defenses. Subject to these objections, Plaintiff has received █████ health insurance coverage for the past 10 years.

### Requests for Production

**Request for Production No. 1:** All documents related to the claims or defenses asserted by any party in this action.

**Response:** Plaintiff objects to this request as overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is impermissibly broad and unspecific. For example, among the facts alleged in Plaintiff's Amended Complaint are her status as a natural person, her place of residence in Florida, and her use of her cellular telephone number. Documents regarding these facts alone could encompass a large universe of responsive documents—some of which are private and sensitive like banking records and health records showing her residence—the production of which would be unduly burdensome in relation to the negligible probative value of the requested documents. Plaintiff additionally objects to this request to the extent it invades the attorney-client privilege or calls for attorney work product. Plaintiff further objects to this "catch-all" request as failing to adequately particularize the documents or categories of documents as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. *See, e.g., Calleros v. Rural Metro of San Diego, Inc.*, No. 17-686, 2018 WL 1744599, at *6-7 (S.D. Cal. Apr. 11, 2018) ("The request is an overbroad catchall request seeking all documents related to the litigation to which Plaintiffs properly objected. While Defendants are correct that the emails and text messages they seek are responsive to this request, because of the over breadth of the request, so are a huge number of other documents. The Federal Rules require more particularized and specific discovery requests."); *Seifried v. Portfolio Recovery Assocs., LLC*, No. 12-32, 2013 WL 3340685, at *5 (E.D. Okla. July 2, 2013) ("This 'catch-all' Request serves little purpose other than to attempt to corner Defendant should it attempt to utilize a document which was not produced in discovery. Document requests must 'describe with reasonable particularity each item or category of items to be inspected.'"). Subject to these objections, Plaintiff will produce non-privileged documents responsive to other requests below, as outlined herein.

5

**Request for Production No. 2:** All documents in the categories set forth in your Rule 26(a) initial
disclosures.

**Response:** Plaintiff objects to this request to the extent it invades the attorney-client
privilege or calls for attorney work product. Plaintiff further objects to this request to the extent it
seeks information already in Defendant's possession, such as pleadings or other case materials
filed or exchanged in this action, for which re-production by Plaintiff would be unduly
burdensome. Moreover, Defendant already has produced its own records, and provided related
Rule 30(b)(6) testimony, confirming its subject telephone calls to Plaintiff's cellular telephone
number. Subject to these objections, Plaintiff will produce nonprivileged documents in her
possession, including voicemail recordings, related to the specific telephone calls from Defendant
at issue in this case.

**Request for Production No. 3:** All documents supporting, relating to, referenced in, or relied
upon in your responses to Interrogatories in this action.

**Response:** Plaintiff objects to this request to the extent it invades the attorney-client
privilege or calls for attorney work product. Plaintiff further objects to this request to the extent it
seeks information already in Defendant's possession, such as pleadings or other case materials
filed or exchanged in this action, for which re-production by Plaintiff would be unduly
burdensome. Moreover, Defendant already has produced its own records, and provided related
Rule 30(b)(6) testimony, confirming its subject telephone calls to Plaintiff's cellular telephone
number. Subject to these objections, Plaintiff will produce nonprivileged documents in her
possession, including voicemail recordings, related to the specific telephone calls from Defendant
at issue in this case.

**Request for Production No. 4:** All documents relating to the telephone account(s) or plan(s) on
which it is alleged that you received calls or text messages from United, including without
limitation, documents sufficient to identify all calls you claim to have received from United,
invoices, bills with details showing any and all charges incurred for receipt of the calls at issue in
this case, contracts, documents sufficient to show the telephone number of the account, documents
sufficient to show the subscriber(s) of the account, and documents sufficient to show the length of
time the subscriber has had the account.

**Response:** Plaintiff objects to this request as overly broad and not reasonably calculated to
lead to the discovery of admissible evidence, as cellular telephone service contracts and related
bills have no bearing on Plaintiff's claim or Defendant's potential defenses. Plaintiff further objects
to this request to the extent it seeks information already in Defendant's possession, such as
pleadings or other case materials filed or exchanged in this action, for which re-production by
Plaintiff would be unduly burdensome. Moreover, Defendant already has produced its own
records, and provided related Rule 30(b)(6) testimony, confirming its subject telephone calls to
Plaintiff's cellular telephone number. Subject to these objections, Plaintiff will produce responsive,
nonprivileged documents in her possession.

**Request for Production No. 5:** All documents relating to any calls, text messages, or other communications between you and United, including without limitation, call records, invoices, statements, telephone bills, e-mails, letters, notes taken during or after the communications, recordings of the communications, and records of the calls alleged in your Amended Complaint.

**Response:** Plaintiff objects to this request to the extent it invades the attorney-client privilege or calls for attorney work product. Plaintiff further objects to this request to the extent it seeks information already in Defendant's possession, such as pleadings or other case materials filed or exchanged in this action, for which re-production by Plaintiff would be unduly burdensome. Moreover, Defendant already has produced its own records, and provided related Rule 30(b)(6) testimony, confirming its subject telephone calls to Plaintiff's cellular telephone number. Subject to these objections, Plaintiff will produce responsive, nonprivileged documents in her possession, including voicemail recordings, related to the specific telephone calls from Defendant at issue in this case.

**Request for Production No. 6:** Documents sufficient to show all telephone numbers registered in your name or for which you have been the subscriber since January 1, 2021.

**Response:** Plaintiff objects to this request as overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence to the extent Defendant seeks documents related to telephone numbers to which Defendant did not place any relevant telephone calls and which therefore have no bearing on Plaintiff's claim or Defendant's potential defenses. Subject to these objections, Plaintiff will produce responsive, nonprivileged documents in her possession confirming her subscription to the ███ telephone number.

**Request for Production No. 7:** Documents relating to any business, consumer, or other relationship between United and you, or anyone who was a user of, subscriber to, or otherwise affiliated with any telephone numbers you have used since January 1, 2021.

**Response:** Plaintiff objects to this request as overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence to the extent Defendant seeks documents related to any business, consumer, or other relationship between United and someone other than Plaintiff. Plaintiff further objects to this request to the extent it seeks information already in Defendant's possession, such as pleadings or other case materials filed or exchanged in this action, for which re-production by Plaintiff would be unduly burdensome. Subject to these objections, Plaintiff does not have any responsive, nonprivileged documents in her possession, custody, or control other than case-related materials subject to her aforementioned objection.

**Request for Production No. 8:** All nonprivileged documents relating to the fee or payment agreement that you have with the attorneys representing you in this matter, including without limitation documents sufficient to show the amount of attorneys' fees and expenses incurred to date.

**Response:** Plaintiff objects to this request to the extent it invades the attorney-client privilege and seeks attorney work product. Plaintiff also objects to this request as irrelevant, as this case does not involve any fee-shifting claims and thus the prejudicial value of providing the

documents outweighs their probative value. As a result, Plaintiff is withholding documents that are otherwise responsive to this request.

**Request for Production No. 9:** All communications between you and any putative class member or the putative class attorney(s) in the instant matter, including any advertisements, communications referrals, and requests for referrals that are not specifically related to the instant case. This request is limited to those communications that are not protected by the attorney-client privilege.

**Response:** Plaintiff objects to this request to the extent it invades the attorney-client privilege and seeks attorney work product, and to the extent it seeks documents directly from Plaintiff's counsel not otherwise within Plaintiff's own possession. Plaintiff further objects to the extent the identities of putative class members currently are unknown to her or her counsel. Plaintiff additionally objects to this request to the extent it seeks information already in Defendant's possession, such as pleadings or other case materials filed or exchanged in this action, for which re-production by Plaintiff would be unduly burdensome. Subject to these objections, Plaintiff does not have any responsive, nonprivileged documents in her possession, custody, or control. However, Plaintiff's counsel is aware of one individual who could potentially meet the proposed class definition in the Amended Complaint, whose information Plaintiff's counsel shared with Defendant's counsel via telephone call on March 28, 2024, and about whom Plaintiff's counsel corresponded with Defendant's counsel on the same date—correspondence that Plaintiff will not reproduce to Defendant in light of her aforementioned objections.

**Request for Production No. 10:** All documents relating to this action that you may receive from any parties or third parties (other than United), whether by discovery request, subpoena, or otherwise.

**Response:** Plaintiff objects to producing any documents beyond what is required under the Federal Rules of Civil Procedure. Subject to this objection, Plaintiff will produce any responsive, nonprivileged documents in her possession, custody, or control, at the appropriate time(s), in line with the deadlines established by the Federal Rules, the Court's scheduling order(s), and/or the parties' agreements.

Dated: April 15, 2024                    Respectfully submitted,

                                          */s/ Aaron D. Radbil*
                                          Aaron D. Radbil
                                          Jesse S. Johnson
                                          Greenwald Davidson Radbil PLLC
                                          5550 Glades Road, Suite 500
                                          Boca Raton, FL 33431
                                          Tel: (561) 826-5477
                                          aradbil@gdrlawfirm.com
                                          jjohnson@gdrlawfirm.com

8

*Counsel for Plaintiff and the proposed class*

## CERTIFICATE OF SERVICE

I certify that on April 15, 2024, I served a copy of the foregoing, by email, on counsel for Defendant:

Allen P. Pegg
allen.pegg@hoganlovells.com

Carolyn A. DeLone
carrie.delone@hoganlovells.com

_/s/ Aaron D. Radbil_
Aaron D. Radbil

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Elaine Johnson, *on behalf of herself and others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>United HealthCare Services, Inc.,<br><br>        Defendant. | ) Civil Action No.: 5:23-cv-00522-GAP-PRL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFICATION

I, Elaine Johnson, declare as follows:

I have read PLAINTIFF'S ANSWERS, RESPONSES, AND OBJECTIONS TO DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S FIRST SETS OF INTERROGATORIES AND DOCUMENT REQUESTS and state that the answers and responses contained therein are true and correct to the best of my knowledge, information, and belief.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the above is true and correct.

*Elaine Johnson*
Elaine Johnson (Apr 15, 2024 11:15 EDT)

Elaine Johnson