# Exhibit "F"

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Elaine Johnson, *on behalf of herself and others similarly situated*, | ) Civil Action No. 5:23-cv-522-GAP-PRL |
| | ) |
| | ) Jury Trial Demanded |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| United HealthCare Services, Inc., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## PLAINTIFF'S EXPERT DISCLOSURE (CARLA PEAK)

In line with Fed. R. Civ P. 26(a)(2), the court's related orders, and Elaine Johnson and United HealthCare Services, Inc.'s related agreements, Ms. Johnson discloses the expert report of Carla Peak.

Dated: June 28, 2024

*/s/ Aaron D. Radbil*
Aaron D. Radbil (lead counsel)
James L. Davidson
Jesse S. Johnson
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
aradbil@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| ELAINE JOHNSON, *on behalf of herself and others similarly situated*, | ) | Civil Action No. 5:23-cv-522-GAP-PRL |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED HEALTHCARE SERVICES, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF CARLA A. PEAK**

I, Carla A. Peak, declare as follows:

1.      My name is Carla A. Peak. I have personal knowledge of the matters set forth herein, and if called as a witness I could and would testify competently to them.

2.      I am a nationally recognized expert in the field of legal notice and I have served as an expert in over a hundred federal and state cases involving class action notice plans.

3.      I am a Vice President of Legal Notification Services for Verita Global, LLC ("Verita") f/k/a KCC Class Action Services, LLC ("KCC"), a firm that specializes in comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class action settlements. With more than 30 years of industry experience, Verita has developed efficient, secure, and cost-effective methods to effectively manage the voluminous data and mailings associated with the noticing, claims processing and disbursement requirements of these matters to

1

ensure the orderly and fair treatment of class members and all parties in interest. Verita has been retained to administer more than 7,500 class actions and distributed settlement payments totaling well over a trillion in assets. Our experience includes many of the largest and most complex administrations of both private litigation and of actions brought by state and federal government regulators.

4.      Verita has administered class action administrations for such defendants as HP-Compaq, LensCrafters, United Parcel Service, Ford, Mitsubishi, Nissan, Whirlpool, ATI Video Cards, and Twentieth Century Fox.

5.      I have personally been involved in many large and significant cases, including *In re Experian Data Breach Litig.*, No. 8:15-cv-01592 (C.D. Cal.), a national data breach class action involving over 15 million T-Mobile consumers whose information was stored on an Experian server; *In re: The Home Depot, Inc., Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.), a national data breach class action involving over 40 million consumers who made credit or debit card purchases in a Home Depot store; *In re: Skelaxin (Metaxalone) Antitrust Litig.*, No. 1:12-md-02343 (E.D. Tenn.), a multi-state antitrust settlement involving both third party payors and consumers that purchased or paid for the brand and generic version of the prescription drug metaxalone; *Chambers v. Whirlpool Corporation*, No. 8:11-cv-01733 (C.D. Cal.), a national product defect case involving class members who experienced or may experience the overheating of an automatic dishwasher control board; *In re Trans Union Corp. Privacy Litig.*, MDL No. 1350 (N.D. Ill.), a matter involving a class action notice campaign directed to virtually every adult in the United States, informing them about their rights in the $75 million data breach settlement; and *In re Residential Schools Litig.*, No. 00-CV-192059 (Ont. S.C.J.), likely the largest and most complex class action in Canadian history incorporating a groundbreaking notice program to

2

disparate, remote aboriginal persons qualified to receive benefits in the multi-billion dollar settlement.

6.      Verita has administered notice plans in a wide range of Telephone Consumer Protection Act ("TCPA") class actions, including *Abante Rooter and Plumbing v. Alarm.com, Inc*., No. 15-cv-06314 (N.D. Cal.); *Abante Rooter and Plumbing v. Oh Insurance Agency*, No. 1:15-cv-09025 (N.D. Ill.); *Abramson v. Alpha Gas and Electric, LLC*, No. 7:15-cv-05299 (S.D.N.Y.); *Abramson v. Palmco Energy PA L.L.C. d/b/a Indra Energy*, No. 2:19-cv-01675 (W.D. Pa.); *Adams v. AllianceOne Receivables Management, Inc*., No. 08-cv-00248 (S.D. Cal.); *Allard v. SCI Direct, Inc. d/b/a Neptune Society*, No. 17-cv-04692 (N.D. Ill.); *Allen v. JPMorgan Chase Bank*, No. 13-cv-08285 (N.D. Ill.); *Bayat v. Bank of the West*, No. 13-cv-2376 (N.D. Cal.); *Birchmeier v. Caribbean Cruise Line, Inc*., No. 12-cv-04069 (N.D. Ill.); *Biringer v. First Family Insurance, Inc.*, No. 14-cv-566 (N.D. Fla.); *Boise v. ACE American Insurance Co*., No. 15-cv-21264, (S.D. Fla.); *Braver v. NorthStar Alarm Services, LLC*, No. 17-cv-00383 (W.D. Okla.); *Charvat v. AEP Energy*, No. 14-cv-3121 (N.D. Ill.); *Charvet v. Resort Marketing Group*, No. 1:12-cv-5746 (N.D. Ill.); *Coffman v. Glide Talk, Ltd*., No. 13-cv-05190 (N.D. Ill.); *Connor v. JPMorgan*, No. 10-cv-01284 (S.D. Cal.); *Couser v. Comenity Bank*, No. 12-cv-02484 (N.D. Cal.); *Couser v. Dish One Satellite, LLC*, No. 15-cv-02218 (C.D. Cal.); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-cv-4462 (N.D. Ill.); *Crossley v. Joya Communications, Inc*., No. 16CH14771, (Circuit Court of Cook County, Ill.); *Cummings v. Sallie Mae, Inc*., No. 12-cv-9984 (N.D. Ill.); *Davenport v. Discover*, No. 15-cv-06052 (N.D. Ill.); *Dennis v. Amerigroup Corp.*, No. 3:19-cv-05165 (W.D. Wash.); *Etzel v. Hooters of America, LLC*, No. 1:15-cv-01055 (N.D. Ga.); *Etzkorn v. 3 Day Blinds*, No. 17-cv-02836 (E.D. Mo.); *Goldschmidt v. Rack Room Shoes, Inc*., No. 1:18-cv-21220 (S.D. Fla.); *Griffith v. ContextMedia, Inc*., No. 16-cv-02900 (N.D. Ill.); *Grannan v. Alliant Law Group, P.C.*, No. 10-

3

cv-02803 (N.D. Cal.); *Guarisma v. Blue Cross Blue Shield of Florida*, No. 13-cv-21016 (S.D. Fla.); *Hageman v. AT&T Mobility LLC*, No. 13-cv-50 (D. Mont.); *Hand v. Beach Entertainment KC, LLC*, No. 4:18-cv-00668 (W.D. Mo.); *Hawkins v. Navy Federal Credit Union*, No. 1:19-cv-01186 (E.D. Va.); *Hetherington v. Omaha Steaks*, No. 13-cv-2152 (D. Ore.); *Horn v. iCan Benefit Group LLC*, No. 17-cv-81027 (S.D. Fla.); *In re Life Time Fitness*, MDL No. 2564 (D. Minn.); *In Re Midland Credit Management, Inc. TCPA Litig.*, No. 11-md-2286 (S.D. Cal.); *In Re: Monitronics International, Inc. TCPA Litig.*, No. 13-md-2493 (N.D. W.Va.); *In re: Portfolio Recovery Associates, LLC TCPA Litig.*, No. 11-md-02295 (S.D. Cal.); *Jairam v. Colourpop Cosmetics, LLC*, No. 19-cv-62438 (S.D. Fla.); *Jonsson v. USCB, Inc.*, No. 13-cv-8166 (C.D. Cal.); *Kolinek v. Walgreen Co.*, No. 13-cv-04806 (N.D. Ill.); *Lee v. Global Tel Link Corporation*, No. 15-cv-02495, (C.D. Cal.); *Lees v. Anthem Ins. Cos., Inc.*, No. 13-cv-01411 (E.D. Mo.); *Legere-Gordon v. FirstCredit, Inc.*, No. 1:19-cv-00360 (D. Idaho); *Leung v. XPO Settlement*, No. 15-cv-03877 (N.D. Ill.); *Lloyd v. Eaze Solutions, Inc.*, No. 3:18-cv-05176 (N.D. Cal.); *Loftus v. Sunrun, Inc.*, No. 3:19-cv-01608 (N.D. Cal.); *Luster v. Duncan Solutions*, No. 14-cv-00112 (N.D. Ga.); *Luster v. Wells Fargo*, No. 15-cv-01058 (N.D. Ga.); *Manopla v. Home Depot USA, Inc.*, No. 3:15-cv-01120 (D. N.J.); *Martin v. Global Marketing Research Services, Inc.*, No. 14-cv-1290 (M.D. Fla.); *McCurley v. Royal Seas Cruises*, No. 17-cv-00986 (S.D. Cal.); *Medina v. Enhanced Recovery Company LLC d/b/a ERC*, No. 15-cv-14342 (S.D. Fla.); *Melito v. American Eagle Outfitters*, No. 14-cv-02440 (S.D.N.Y.); *Mey v. Patriot Payment Group*, No. 15-cv-00027 (N.D. W.Va.); *Moore v. Family Dollar Stores, Inc.*, No. 4:14-cv-01542 (E.D. Mo.); *Newman v. AmeriCredit*, No. 11-cv-3041 (S.D. Cal.); *Olsen v. ContextLogic Inc.*, No. 2019CH06737 (Cir. Ct., Ill.); *Ossola v. American Express Co.*, No. 1:13-cv-04836 (N.D. Ill.); *Prather v. Wells Fargo*, No. 15-cv-04231 (M.D. Ga.); *R. Fellen, Inc. v. Rehabcare Group, Inc.*, No. 14-cv-0208 (E.D. Cal.);

4

*Reginald Moore v. Family Dollar Stores, Inc*., No. 14- cv-01542 (E.D. Mo.); *Rinky Dink Inc. v. World Business Lenders LLC*, No. 14-cv-00268 (W.D. Wash.); *Rogers v. Vivint Solar, Inc*., No. 1:18-cv-01567 (D. D.C.); *Schwyhart v. AmSher Collection Services*, No. 15-cv-01175 (N.D. Ala.); *Sherman v. Kaiser Foundation Health Plan, Inc*., No. 13-cv-00981 (S.D. Cal.); *Shestopal v. Follett Higher Education Group Inc*., No. 15-cv-8980 (N.D. Ill.); *Slovin v. Sunrun, Inc*., No. 4:15-cv-05340 (N.D. Cal.); *Soukhaphonh v. Hot Topic, Inc*., No. 2:16-cv-05124 (C.D. Cal.); *Steinfeld v. Discover Financial Services*, No. 12-cv-01118 (N.D. Cal.); *Terteryan v. Nissan Motor Acceptance Corp*., No. 2:16-cv-02029 (C.D. Cal.); *Thomas v. Dun & Bradstreet Credibility Corp*., No. 15-cv-03194 (C.D. Cal.); *Wakefiled v. Visalus, Inc*., No. 3:15-cv-01857 (D. Ore.); *Wannemacher v. Carrington Mortgage Servs*., No. 12-cv-02016 (C.D. Cal.); *Wesley v. Snap Finance, LLC*, No. 2:20-cv-00148 (D. Utah); *West v. California Service Bureau, Inc*., No. 16-cv-03124 (N.D. Cal.); *Willis v. iHeartMedia, Inc.*, No. 2016CH02455 (Circuit Court of Cook County, Ill.); and *Youngman v. A&B Insurance and Financial, Inc*., No. 6:16-cv-01478 (M.D. Fla.).

7. Verita has also successfully provided court-approved class notice in TCPA class actions involving calls to wrong or reassigned cellular telephone numbers. Examples of these are: *Fralish v. Ceteris Portfolio Services, LLC*, No. 3:22-cv-00176 (N.D. Ind.); *Wesley v. Snap Fin., LLC*, No. 2:20-cv-00148-RJS-JCB (D. Utah); *Lucas v. Synchrony Bank*, No. 4:21-cv-00070 (N.D. Ind.); *Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068-RS (N.D. Cal.); *Sheean v. Convergent Outsourcing, Inc*., No. 2:18-cv-11532-GCS-RSW (E.D. Mich.); *James v. JPMorgan Chase Bank, N.A*., No. 8:15-cv-02424-SDM-JSS (M.D. Fla.); *Prater v. Medicredit, Inc*., No. 14-cv-00159 (E.D. Mo.); *Martinez v. Medicredit, Inc*., No. 17-cv-02809 (E.D. Mo.); *Abdeljalil v. GE Capital Retail Bank*, No. 12-cv-02078 (S.D. Cal.); and *Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393 (S.D. Fla.).

8.     As Judge Seeborg explained in summarizing Verita's notice work in *Bonoan*: "To reach potential class members, KCC will perform reverse lookups of available telephone numbers to identify persons who will receive direct mail notice. KCC will utilize established third-party vendors to obtain contact information for potential class members in a manner consistent with industry standard in wrong number TCPA class actions. KCC will also use publication notice in an effort to reach potential class members, consistent with the terms of the Agreement." No. 3:19-CV-01068-RS, 2020 WL 6018934, at *2 (N.D. Cal. Oct. 9, 2020).

9.     Similarly, Judge Shelby stated in *Wesley*: "The form and method for notifying the settlement class members of the settlement and its terms and conditions conformed with the Preliminary Approval Order and satisfied the requirements of Rule 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The court finds that the notice was clearly designed to advise settlement class members of their rights." No. 220CV00148RJSJCB, 2023 WL 1812670, at *2 (D. Utah Feb. 7, 2023)

10.    In forming my opinions, I draw from my in-depth class action case experience. I have worked in the class action notification field for over 20 years. During that time, I have been involved in all aspects of the design and implementation of class action notice planning, as well as the drafting of plain language notice documents that satisfy the requirements of Rule 23 and adhere to the guidelines set forth in the Manual for Complex Litigation, Fourth and by the Federal Judicial Center ("FJC").

11.    I have been involved in hundreds of cases, including the dissemination of notice around the globe in more than 35 languages. My c.v., attached as Exhibit 1, contains numerous judicial comments citing cases I have worked on, as well as articles I have written and speaking engagements where I have discussed the adequacy and design of legal notice efforts.

6

12. I have also served as an expert in describing notice plans that would be implemented in TCPA class actions should the respective courts certify a class. *See Head v. Citibank, N.A.*, 340 F.R.D. 145, 156 (D. Ariz. 2022) ("Peak's testimony is the product of reliable principles and methods, and it appears that Peak applies those principles reliably in the context of this case. Peak's declaration demonstrates that the notification method Head intends to employ in this matter have been used in dozens of cases, including many cases under the TCPA."); *Wesley v. Snap Fin., LLC*, 339 F.R.D. 277, 286 (D. Utah 2021) ("Wesley has demonstrated Peak's substantial experience in class action notice plans makes her qualified to provide testimony concerning a notice plan for this TCPA claim. Second, Wesley has demonstrated Peak's testimony is reliable.").

13. Here, Elaine Johnson's ("Plaintiff") counsel asked me to describe the notification process that Verita could employ should this case be certified as a class action. This includes the process for determining whether a telephone number is or was assigned to a cellular telephone service, as well as the process typically used to identify names and addresses of potential class members for which only a telephone number is available.

14. According to Plaintiff's operative class action complaint, she seeks to certify the following class ("Class"):

All persons and entities throughout the United States (1) to whom United HealthCare Services, Inc. placed a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a United HealthCare Services, Inc. account or health plan, (3) in connection with which it used an artificial or prerecorded voice, (4) from[October 11, 2019] through the date of class certification.

7

15.    If the Class is certified and notice is ordered, Verita could implement the following notification process or one similar to it, consistent with both our experience in past similar matters as well as industry standard notice in TCPA class actions like this one.

16.    First, Verita would obtain the list(s) of potentially relevant telephone numbers at issue in this litigation ("Notice List"). This may start with telephone numbers to which United Healthcare Services, Inc. ("Defendant") placed a call during the class period, in connection with which Defendant used an artificial or prerecorded voice.

17.     If the Notice List is not sufficiently limited to cellular telephone numbers, Verita could then utilize a vendor, such as PacificEast, to analyze the telephone numbers to make that determination. To that end, Verita utilized PacificEast to search for records related to telephone number (352) 406-9142 and found that telephone number (352) 406-9142 was assigned to a cellular telephone service during the class period.

18.    In addition, to the extent Defendant codes or notates telephone numbers as wrong or reassigned telephone numbers, or to the extent Defendant codes or notates telephone numbers it was informed are wrong or reassigned telephone numbers, a more narrowly tailored list could also be utilized.

19.    Verita could then send the narrowed and de-duplicated Notice List to a company such as PacificEast, Nexxa, or Lexis Nexis for reverse look-up procedures to locate names and addresses associated with each telephone number during the class period. This is routinely done in wrong number TCPA class actions in order to obtain name and address information associated with cellular telephone numbers during the class period. This approach has been utilized, approved, and deemed consistent with due process in a variety of other TCPA matters.

20.    The reverse look-up process would return names and postal addresses for a percentage of the cellular telephone numbers searched. Once an initial reverse look-up search is complete, a second search could be performed by submitting cellular telephone numbers that did not return a result to a different company in an effort to obtain additional results. Depending upon those results, additional searches could be performed as well by using additional companies.

21.    In this case, Plaintiff's counsel also asked that Verita attempt to locate any name(s) associated with telephone number (352) 406-9142. Using a reverse look-up methodology like the one outlined above, Verita sent the telephone number to PacificEast. PacificEast reported that this telephone number is associated with Elaine Johnson, with an address in Leesburg, Florida.

22.    Should this matter proceed to the class notice phase, upon completion of the above-referenced look-up process(es), a notice list would be analyzed for completeness.

23.    It is also my understanding that, in this case, it is unlikely that Defendant has any additional information for likely bona fide class members, such as email addresses or postal addresses. At the same time, it is my understanding that, in this case, Defendant has names and possibly addresses of the intended recipients of its calls, i.e., the persons that Defendant intended to reach by placing calls to the telephone numbers at issue. Because this case involves artificial or prerecorded voice calls to persons who do not have, and did not have, an account or health plan with Defendant, persons known to have or have had an account or health plan with Defendant can be excluded from any notice program by matching names returned from reverse look ups to names in Defendant's records.

24.    Depending upon the likely reach of the direct notice effort resulting from this data work, Verita would then determine whether additional notification methods, such as paid media,

9

would be needed to reach at least 70% of likely class members.[1] Verita is able to design notice campaigns that can reach a substantial percentage of U.S. adults, depending on the needs of a particular case. As a result, a notice campaign could be designed to ensure that an appropriate percentage of likely class members are provided with an opportunity to learn of this class action, should it be certified.

25.    Prior to mailing, the addresses on the Notice List would be checked against the National Change of Address (NCOA)[2] database maintained by the United States Postal Service ("USPS"); certified via the Coding Accuracy Support System (CASS);[3] and verified through Delivery Point Validation (DPV).[4]

26.    Notices returned by USPS as undeliverable are typically re-mailed to any address available through postal service forwarding order information. For any returned mailing that does not contain an expired forwarding order with a new address indicated, further address searches could be conducted using credit and other public source databases to attempt to locate new addresses. If a new address is located, a notice would be mailed to it and the notice list would be updated.

---

[1]    The Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (the FJC Checklist) considers 70-95% reach among class members to be a "high percentage" and reasonable.

[2]    The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[3]    Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[4]    Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

27.     The results of the mailing effort would be continuously monitored and analyzed to confirm that the results fall within expectations. If the results are less than expected, additional notification methods would be added to ensure that the notice program provides at least 70% of likely class members with an opportunity to see a notice. For example, a targeted digital media campaign could be performed on Facebook, where notice regarding a certified class action would be directed to Facebook users based on telephone numbers on the notice list. That is, Facebook would direct messages or advertisements to only those users with an account or profile that matches a telephone number contained on the notice list. Additional methods may also include digital notices placed using ad networks or other social media platforms and/or the distribution of a press release, which would provide an additional opportunity for potential class members to learn about this case and their rights and options.

28.     In addition, Verita commonly establishes a dedicated website for a particular class action where class members and others can learn about the case, the claims at issue, a defendant's defenses, and applicable deadlines. The dedicated case website usually contains relevant case documents, such as the complaint and class certification order.

29.     If the class is certified and Verita is asked to design a notice program, the notice program would adhere to the guidelines set forth in the FJC Checklist. For example, the notice program would be designed to effectively reach likely class members with a reach percentage calculated by Verita experts, the notices would designed to come to the attention of likely class members and would use page-layout techniques to command attention, the notice would be informative, include all required information, and be written in clear, concise, easily understood language, and class members' rights and options would be easy to act upon and not contain any unnecessary hurdles.

11

30.    The notice plan methodology described above is consistent with other notice plans that have been utilized in similar court-approved TCPA class actions and has been deemed to provide the best notice practicable under the circumstances in those matters.

31.    To be clear, I am not offering an opinion as to whether any specific individuals are members of the Class. Rather, my opinions involve how best to effectuate notice—consistent with industry standards—should this matter be certified as a class action.

32.    Any notice provided in this case would advise recipients of the nature of the action, the definition of the class certified so that people who receive notice would be able to determine whether this matter affects them, the class claims, issues, or defenses, that a class member may enter an appearance through an attorney if the member so desires, that the court will exclude from the class any member who requests exclusion, the time and manner for requesting exclusion, and the binding effect of a class judgment on members under Rule 23(c)(3).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED at Ocean City, New Jersey, this 25th day of June 2024.

_Carla Peak_

Carla Peak

12

# Exhibit 1

# CARLA PEAK

## EDUCATION

**West Chester University**
Master of Business Administration (MBA)

**Temple University**
B.A. Sociology

## WORK EXPERIENCE

**Verita Global, LLC (f/k/a KCC LLC) -** *Vice President, Legal Notification Services & Business Development*
April 2011 – Present

**Analytics, Inc. -** *Director/Legal Notice*
March 2009–March 2011

**Hilsoft Notifications -** *Notice Manager*
January 2003–February 2009

## DEPOSITIONS

- *Head v. Citibank, N.A.*, No. 3:18-CV-08189 (D. Ariz.), August 6, 2020 and September 3, 2021
- *Palmer v. KCI USA, Inc*., No. 4:19-CV-3084 (D. Neb.), October 14, 2020
- *Wesley v. Snap Finance*, No. 2:20-cv-00148 (D. Utah), February 11, 2021
- *In re Mallinckrodt PLC*, No. 20-12522 (D. Dela.)(Chapter 11), June 24, 2021
- *Powell v. H & R Accounts, Inc.*, No. 7:22-cv-01052 (D. S.C.), February 3, 2023
- *Bayles v. The Hertz Corp.*, No. 1:22-cv-01092 (S.D. Ind.), August 11, 2023

## TESTIMONY

- *In re Mallinckrodt PLC*, No. 20-12522 (D. Dela.)(Chapter 11), June 25, 2021

## PRESENTATIONS AND PUBLICATIONS

- "Class Action Notice and Settlement Administration" Class Action Law (LAWS3398-01), Boston College Law School (April 2024)
- "Class Action Notice and Settlement Administration" Class Actions Law and Practice (LAW 6015)(2023FA), Cornell Law (October 2023) • "Enhancing Class Management and Communication" Group Litigation and Class Actions 2023 - The 3rd Annual Forum, TL4 Group Litigation and Class Actions, Carla Peak (October 2023) • "Legal Technology Services for Class Actions and Public Relations." Global class actions & Mass torts conference, PERFECT LAW, Carla Peak (April 2023) • "Settlement, Notice and Claims, Objectors, Cy Pres, and Attorney's Fees" University of Michigan Law School, Consumer Class Actions & Complex Litigation, Carla Peak (October 2022) • "Settlement, Notice and Claims, Objectors, Cy Pres, and Attorney's Fees" The Ohio State University Moritz College of Law, Complex Litigation (8213), Carla Peak (February 2022) • "Settlement, Notice and Claims, Objectors, Cy Pres, and Attorney's Fees" University of Michigan Law School Consumer Class Actions & Complex Litigation (736-01), Carla Peak (November 2020) • "Class Action in a Modern Digital Age" COMMITTEE TO SUPPORT THE ANTITRUST LAWS (COSAL), Carla Peak (June 2020) • "Rule 23: Recent Rule Revisions" Class Action Litigation in 2020: What You Need to Know, NEW JERSEY BAR ASSOCIATION, Carla Peak (February 2020) • "Marching to Their Own Drumbeat." What Lawyers Don't Understand About Notice and Claims Administration, AMERICAN BAR ASSOCIATION 23rd Annual National Institute on Class Actions, Carla Peak (October 2019) • "Class Action Notice and Settlement Administration" Columbia Law School Complex Litigation Challenges and Strategies in Multijurisdictional and Aggregate Litigation (L9225), Carla Peak (March 2018) • "A Winning Hand or a Flop?" After 50 Years, Are Class Actions Still Legit?, AMERICAN BAR ASSOCIATION 20th Annual National Institute on Class Actions, Carla Peak (October 2016) • Class Action Notice Requirements: Leveraging Traditional and Emerging Media to Reach Class Members, STRAFFORD, Carla Peak

(April 2016) • The Ethics of Class Action Settlements, CHICAGO BAR ASSOCIATION, Class Litigation Committee, Carla Peak (June 2014) • Innovations in Notification, CHICAGO BAR ASSOCIATION, Class Litigation Committee Spring Seminar, Carla Peak, presenter (May 2012) • Ethics in Legal Notification accredited CLE Program (December 2012-November 2014) • Pitfalls of Class Action Notice and Settlement Administration accredited CLE Program (March 2014) •The Fundamentals of Settlement Administration accredited CLE Program (October 2012-August 2013) • Class Action Settlement Administration Tips & Pitfalls on the Path to Approval accredited CLE Program (October 2012) • Carla Peak and Steven Weisbrot, *How to Design Your Notice to Minimize Professional Objectors*, Class Action Lawsuit Defense: Class Action Defense News, Developments and Commentary provided by BakerHostetler (www.classactionlawsuitdefense.com) (July 20, 2012) • Legal Notice Ethics accredited CLE Program (May 2010-January 2011) • Carla Peak, *Is your legal notice designed to be noticed?* WESTLAW JOURNAL CLASS ACTION Vol.18 Issue 10 (2011) • John B. Isbister, Todd B. Hilsee & Carla A. Peak, Seven Steps to a Successful Class Action Settlement, AMERICAN BAR ASSOCIATION, SECTION OF LITIGATION, CLASS ACTIONS TODAY 16 (2008)

## CERTIFICATIONS

• Leading Your Team Through Change, Linkedin Learning (2021) • Interpersonal Communication, Project Management Institute via Linkedin Learning (2021) • Leading and Working in Teams, Linkedin Learning (2021) • Decision-Making Strategies, Linkedin Learning (2021) • Bill George on Self-Awareness, Authenticity, and Leadership, Linkedin Learning (2021) • Developing Your Emotional Intelligence, Linkedin Learning (2021) • Display & Video 360 Brand Controls, Google (2020) • Advanced Google Analytics, Google Analytics Academy (2020) • Google Analytics Individual Qualification, Google Analytics Academy (2020) • Google Analytics for Beginners, Google Analytics Academy (2020) • Power Your Media Plan with Display & Video 360, Google (2020) • Essentials for Facebook Marketing Partners for Agencies, Facebook Blueprints (2020) • Google Ads Fundamentals, Google (2019) • Digital Sales Certification, Google (2019) • IAB's Digital Fundamentals, iab (2017) • Social Media Marketing, Hootsuite (2016)

## SAMPLE JUDICIAL RECOGNITION

Honorable Claudia Wilken, *Head v. Citigroup Incorporated*, (March 5, 2024) No. 3:18-cv-08189 (D. Ariz.):
> The proposed form and method for notifying class members of this class action meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds the proposed notice plan is clearly designed to advise the class members of their rights.

Honorable Claudia Wilken, *In re College Athlete NIL Litigation*, (March 1, 2024) No. 4:20-cv-03919 (N.D. Cal.):
> The Notice Plan is expected to reach more than 70% of the class via the publication notice campaign alone, and it will reach more potential class members via direct notice and organizational outreach. The Court finds that this notice plan provides the best practicable notice under the circumstances.

Honorable Richard W. Stroy, *Faulkner v. Acella Pharmaceuticals, LLC*, (February 7, 2024) No. 2:22-cv-00092 (N.D. Ga.):
> The Court approves the proposed Notice Plan for giving notice to the Settlement Class as set forth in the Declaration of Carla A. Peak. The Notice Plan, in for, method, and content, complies with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances.

Honorable Brian McCabe, *Meeks v. The Sherwin-Williams Company*, (July 26, 2023) No. 23CV-02082 (Merced Cty., Cal.):
> The Court finds that the notice to the Settlement Class Members regarding the pendency of the action and of the Settlement Agreement and the methods of giving notice to Settlement Class Members constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all Settlement Class Members. The form and method of giving notice complies fully with the requirements of California Code od Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

Honorable Damon R. Leichty, *Fralish v. Ceteris Portfolio Services, LLC*, (May 19, 2023) No. 3:22-cv-00176 (N.D. Ind.):
> The Court approves the form and substance of the postcard notice, claim form, and Question & Answer Notice, which are attached as exhibits to the Settlement Agreement. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice plan is clearly designed to advise the Settlement Class Members of their rights.

Honorable Robert J. Shelby, *Wood Mountain Fish LLC v. Mowi ASA (f/k/a Marine Harvest ASA)*, (February 27, 2023) No. 1:19-cv-

22128 (S.D. Fla.):

> *As shown by the record, the Court finds that notice has been provided to the Settlement Class in the manner approved and directed by the Preliminary Approval Order. The Court concludes that this notice provided the best notice practicable under the circumstances and that it adequately notified class members of the action, the Court's preliminary certification decision, the terms of the settlement, and rights of class members to opt-out of or object to the settlement.*

Honorable Robert J. Shelby, *Wesley v. Snap Finance LLC*, (February 7, 2023) No. 2:20-cv-00148 (D. Utah):

> *The form and method for notifying the settlement class members of the settlement and its terms and conditions conformed with the Preliminary Approval Order and satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The court finds that the notice was clearly designed to advise settlement class members of their rights.*

Honorable George H. Wu, *Khan v. BooHoo.com USA, Inc.*, (December 20, 2022) No. 2:20-cv-03332 (C.D. Cal.):

> *The distribution of notice to the Classes constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.*

Honorable Beth Labson Freeman, *Mitchell v. Intero Real Estate Services*, (April 7, 2022) No. 5:18-cv-05623 (N.D. Cal.):

> *The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto and meets the requirements of Due Process. The Court further finds that the Class Notice program fully complies with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.*

Honorable Roslyn O. Silver, *Head v. Citibank, N.A.*, (January 28, 2022) No. 3:18-cv-08189 (D. Ariz.):

> *The Court considers Peak's experience more than adequate for her to serve as a notice expert, especially given the complex and technical nature of notice for large plaintiff classes under Rule 23(b)(3).*
>
> *Peak's testimony is based on sufficient facts. The notice system she proposes is consistent with notice KCC has implemented in the past. Moreover, it appears that Peak's four-page-long proposed notification process has been tailored to the circumstances of this case and is sufficiently resilient to withstand possible informational deficiencies in Citibank's records.*
>
> *Peak's testimony is the product of reliable principles and methods, and it appears that Peak applies those principles reliably in the context of this case. Peak's declaration demonstrates that the notification method Head intends to employ in this matter have been used in dozens of cases, including many cases under the TCPA.*
>
> *Thus, the Court holds Head has adequately demonstrated the reliability and relevance of Peak's expert opinion regarding notice to possible Rule 23(b)(3) class members.*

Judge Patrick J. McGrath, *Burdick v. Tonoga Inc.*, (October 15, 2021) No. 2016-253835 (Sup. Ct. N.Y.):

> *The Court finds that the Notice Program, including the Notice Form and the particulars of the Notice Program described in the Affidavit of Carla A. Peak in Support of the Settlement Notice Program, satisfy CPLR 908.*

Honorable Robert J. Shelby, *Wesley v. Snap Finance LLC*, (September 21, 2021) No. 2:20-cv-00148 (D. Utah):

> *Wesley has demonstrated Peak's testimony is admissible under Rule 702 and Daubert. First, Wesley has demonstrated Peak is qualified to serve as an expert for class action notice plans. Experts are qualified "by knowledge, skill, experience, training, or education" to render an opinion.*

Judge Lawrence E. Kahn, *Baker v. Saint-Gobain Performance Plastics Corp.*, Inc., (July 27, 2021) No. 1:16-cv-00917 (N.D.N.Y.):

> *The Court finds that the Notice Program, including the Class Notice, the Notice Form attached to the Settlement, and the particulars of the Notice Program described in the Declaration of Carla A. Peak in Support of Settlement Notice Program, satisfy these requirements and Due Process and constitute "the best notice that is practicable under the circumstances.*

Honorable Robert W. Gettleman, *Friend v. FGF Brands (USA), Inc.*, (February 16, 2021) No. 1:18-cv-07644 (N.D. Ill.):

> *The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best notice practicable under the circumstances to Settlement Class members, (ii) constituted notice that was reasonably*

*calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature of the terms of the proposed Settlement, their right to object to or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

Honorable Otis D. Wright II, *In re Trader Joe's Tuna Litigation*, (October 7, 2020) No. 2:16-cv-01371 (C.D. Cal.):
*Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto.*

Judge Cathy Seibel, *Cicciarella v. Califia Farms, LLC*, (July 17, 2020) No. 7:19-cv-08785 (S.D.N.Y):
*The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

Judge Nancy J. Rosenstengel, *Suchanek v. Sturm Foods, Inc.*, (April 21, 2020) No. 3:11-cv-00565 (S.D. Ill.):
*Pursuant to Federal Rule of Civil Procedure 23(c)(2), the Settlement Notice constitutes the best notice practicable under the circumstances, and due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided to all persons entitled to receive such notice.*

Judge Cathy Seibel, *Cicciarella v. Califia Farms, LLC*, (March 20, 2020) No. 7:19-cv-08785 (S.D.N.Y.):
*The proposed Class Notice, Summary Settlement Notice, and notice methodology described in the Settlement Agreement and in the Declaration of Carla A. Peak and Supplement Declaration of Carla A. Peak (the "Peak Declarations") are hereby approved.*

Judge Madeline Cox Arleo, *In re Thalomid and Revlimid Antitrust Litigation*, (August 22, 2019) No. 2:14-cv-06997 (D. N.J.):
*The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Motion and exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the action, the terms of the proposed Settlement, and their right under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Fed. R. Civ. P. 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class members.*

Judge John A. Houston, *In re Morning Song Bird Food Litigation*, (June 3, 2019) No. 3:12-cv-01592 (S.D. Cal.):
*The Court finds and determines that dissemination and publication of the Notices as set forth in the Notice Plan in the Agreement constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the Settlement and the matters set forth in the Notices to all persons entitled to receive notice, and fully satisfied the requirements of due process and of Federal Rule of Civil Procedure 23.*

Judge Edmond E. Chang, *Smith v. Complyright, Inc.*, (May 24, 2019) No. 1:18-cv-04990 (E.D.N.Y.):
*The Court has considered the Notice provisions in the Settlement, the Class Notice methodology set forth in the Declaration of Carla A. Peak attached as Exhibit A to the Settlement (the "Notice Program"), and the Email Notice, Postcard Notice, and Detailed Notice, attached as Exhibits C–E of the Settlement, respectively. The Court finds that the direct emailing and mailing of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23(c), applicable law, and due process.*

Honorable Beth Labson Freeman, *In re Nexus 6P Products Liability Litigation*, (May 2, 2019) No. 5:17-cv-02185 (N.D. Cal.):
*The proposed notice plan, which includes direct notice via email, publication notice, and supplemental postcard notice via U.S. Mail, will provide the best notice practicable under the circumstances. This plan, and the Notice, are reasonably*

*calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Released Claims), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to Settlement Class Members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.*

Honorable Ann I. Jones, *Lavinsky v. City of Los Angeles*, (April 12, 2019) No. BC542245 (Sup. Ct. Cal.):

*The form, manner, and content of the Class Notice, attached to the Settlement Agreement as Exhibits C, E, F, G, and H will provide the best notice practicable to the Class under the circumstances, constitutes valid, due, and sufficient notice to all Class Members, and fully complies with California Code of Civil Procedure section 382, California Code of Civil Procedure section 1781, the Constitution of the State of California, the Constitution of the United States, and other applicable law.*

Honorable Ann I. Jones, *Houze v. Brasscraft Manufacturing Company*, (April 8, 2019) No. BC493276 (Sup. Ct. Cal.):

*The Court confirms that the distribution of the Notice, the publication of the publication notice, the notice methodology as set forth in the Declaration of Carla Peak on Settlement Notice Plan filed on March 21, 2018, as well as supplemental declarations by Carla Peak filed on June 4, 2018 and August 10, 2018, previously approved by the Court on August 27, 2018, were all implemented in accordance with the Court's Preliminary Approval Order and Amended Preliminary Approval Order. The Court further finds and confirms that the Notice and the Notice Plan: constituted the best practicable notice; constituted notice that was reasonably calculated under the circumstances to apprise potential Settlement Class Members, and fully and accurately inform them, of the pendency of the EZ-Flo Action, the effect of the Settlement Agreement (including the Released Claims), the nature and material terms of the proposed Settlement (including the benefits to Settlement Class Members, and Class Counsel's requests for attorney fees, expenses and incentive awards), their right to object to the proposed Settlement (benefits to Settlement Class Members, and Class Counsel's requests for attorney foes, expenses and incentive awards), their right to exclude themselves from the Settlement Class, and their right to appear at the Fairness Hearing; were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and met all applicable requirements of California law (including Cal. R. Ct. 3.766 and 3.769(f)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.*

Judge Robert N. Chatigny, *Lecenat v. Douglas Perlitz*, (February 11, 2019) No. 3:13-cv-01132 (D. Conn.):

*The Court finds that service of the Class Notice, Radio Publication Notice and Poster Notice in this manner, including newspaper publication as provided in III.E.3 of the Settlement Agreement, constitutes the best notice practicable under the circumstances to Settlement Class Members, and complies fully with the provisions set forth in Federal Rules of Civil Procedure, Rule 23, and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law. The Court further finds that the Class Notice, Radio Publication Notice and Poster Notice clearly and concisely inform the Settlement Class Members of their rights and options with respect to the proposed settlement, in plain, easily understood language, in conformance with the requirements of Rule 23.*

Judge John Bailey, *In re: Monitronics International, Inc., Telephone Consumer Protection Act Litigation*, (June 12, 2018) No. 1:13-md-02493 (N.D. W.Va.)(overruling objections and ruling in favor of the notice plan):

*The Court finds that the notices disseminated pursuant to the Notice Plan fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. Ms. Smith objected that the notice was inadequate because it did not inform Settlement Class members of the amount of statutory damages available under the TCP A. Dkt. No. 57 at 14. This objection is overruled. Courts require that notice of a settlement "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 113-14 (2d Cir. 2005). The Notice Plan here complies with the court approved plan and fully apprised the Settlement Class of all material terms and their rights. In addition, the notices provided three telephone numbers for Settlement Class members to call if they had questions about the settlement. The Notice Plan thus complies with Rule 23 and due process and Ms. Smith's objection is overruled.*

Honorable Lynn Adelman, *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co.*, (Direct Purchaser– Jui Li Enterprise Settlement), (February 16, 2018) No. 2:09-CV-00852 (E.D. Wis.):

*The Court further finds that the Notice Plan, previously approved by the Court (See ECF No. 1110) and as executed by the Court-appointed Settlement Administrator, KCC, as set forth in the Declaration of Carla A. Peak on Implementation and Overall Adequacy of Settlement Notice Plan ("Peak Declaration") is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that*

*the forms of Notice (Peak Declaration Exhibits 1 and 2) are written in plain language, use simple terminology, and are designed to be readily understandable and noticeable by Settlement Class Members.*

Judge Yvonne Gonzales Rogers, *Abante Rooter and Plumbing Inc. v. Alarm.com Inc.*, (February 8, 2018) No. 4:15-cv-06314 (N.D. Cal.) (overruling objections and ruling in favor of the notice plan):

*The Court finds that the form and content of Plaintiffs' proposed notice program, and the methods of disseminating notice to the Classes, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to receive notice. The Court approves the form and content of the Email Notice, Postcard Notice, Banner Notices, and Website Notice, and finds that they clearly and concisely state in plain, easily understood language, the following required information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B); see also Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985) (stating that's due process requires notice to apprise party of pendency of action, afford party opportunity to appear, describe party's rights, and provide party opportunity to opt out of action). The Court approves the methods of disseminating the notice, which class action administrator Kurtzman Carson Consultants, Inc. has designed to reach approximately 90% of Class members. The combination of email notice, postal mail notice, and internet banner ads constitutes the best notice practicable under the circumstances.*

Judge Celia Gamrath, *Truong v. Peak Campus Management LLC*, (October 16, 2017) No. 2016-CH-09735 (Cir. Ct. Cook Cnty., Ill.):

*The Court finds that the Notice Plan as set forth in the Settlement Agreement and the Declaration of Carla A. Peak meets the requirements of Section 2-803 of the Illinois Code of Civil Procedure and constitutes the best notice practicable under the circumstances, including direct individual notice by U.S. Mail or, in some cases by email, to Settlement Class Members, and satisfies fully the requirements of Due Process, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.*

Judge John Bailey, *In re Monitronics International, Inc., Telephone Consumer Protection Act Litigation*, (September 28, 2017) No. 5:11-cv-00090 (N.D. W.Va.):

*The Court carefully considered the Notice Plan set forth in the Settlement Agreement and plaintiffs' motion for preliminary approval. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23, the requirements of due process and any other applicable law, such that the terms of the Settlement Agreement, the releases provided therein, and this Court's final judgment will be binding on all Settlement Class Members.*

Honorable Ann I. Jones, *Eck v. City of Los Angeles*, (September 15, 2017) No. BC577028 (Sup. Ct. Cal.):

*The form, manner, and content of the Class Notice, attached to the Settlement Agreement as Exhibits B, E, F and G, will provide the best notice practicable to the Class under the circumstances, constitutes valid, due, and sufficient notice to all Class Members, and fully complies with California Code of Civil Procedure section 382, California Code of Civil Procedure section 1781, the Constitution of the State of California, the Constitution of the United States, and other applicable law.*

Honorable André Birotte Jr., *Rafofsky v. Nissan North America, Inc.*, (May 1, 2017) No. 2:15-cv-01848 (C.D. Cal.):

*The Court has considered the Notice in the Settlement and finds that the Notice and methodology as described in the Settlement and in the Declaration of Carla Peak attached as Exhibit B to Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement, including the exhibits attached thereto: (a) meets the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice. In addition, the forms of notice: (a) apprise Class Members of the pendency of the Litigation, the terms of the proposed Settlement, their rights, and deadlines under the Settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves the Notice and methodology as described in the Settlement and in the Declaration of Carla Peak in all respects.*

Justice Robert Stack, *Anderson v. Canada (Attorney General)*, (November 7, 2016) No. 200701T4955CCP (Supreme Ct. Newfoundland and Labrador):

*The Plaintiffs intend to provide significant notice of the Settlement to class members, which will include, among other things, direct mailings to class members, direct mailings to third parties, dissemination of a short form notice in various media, and direct community outreach and meetings. The proposed notice materials are intended to be simple and easy to read and understand.*

Honorable Amy J. St. Eve, *In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litig.*, (October 20, 2016) No. 1:15-cv-01364 (N.D. Ill.):

> The Notices of Class Action and Proposed Settlement (Exhibits A and B to the Settlement Agreement) and the method of providing such Notices to the proposed Settlement Class (as described in Settlement Agreement ¶6 and in the Declaration of Carla A. Peak on Settlement Notice Plan, filed on October 19, 2016), comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Action.

Honorable Lynn Adelman, *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Company, Ltd.*, (Indirect Purchaser–Jui Li Settlement), (July 7, 2016) No. 2:09-cv-00852 (E.D. Wis.):

> The Court approves the Notice Program set forth in the Declaration of Carla A. Peak. The Court approves as to form and content the Postcard Notice, Summary Publication Notice, and Detailed Notice in the forms attached as Exhibits 1–3, respectively, to the Declaration of Carla A. Peak. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.

Honorable Manish S. Shah, *Campos v. Calumet Transload Railroad, LLC*, (March 10, 2016 and April 18, 2016) No. 1:13-cv-08376 (S.D. NY.):

> The Court approves the Notice Program set forth in the Declaration of Carla A. Peak, attached as Exhibit A to the Settlement. The Court approves as to form and content the Postcard Notice, Summary Notice, and Detailed Notice in the forms attached as Exhibits B, C, and D, respectively, to the Settlement. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.

Honorable Rhonda A. Isiran Nishimura, *Charles v. Haseko Homes, Inc.*, (February 24, 2015) No. 09-1-1932-08 (Cir. Ct. Hawai'i):

> The Court approves, as to form and content, the Hurricane Straps Class Notice and the Hurricane Straps Repose Subclass Notice, and the Notice Plan that are attached as Exhibits 8-9 to the Declaration of Graham B. LippSmith ("LippSmith Dec.") and in the Declaration of Carla Peak…The Court finds that the Hurricane Straps Class Notice, the Hurricane Straps Repose Subclass Notice, and the Notice Plan will fully and accurately inform the potential Hurricane Straps Class Members and Hurricane Straps Repose Subclass Members of all material elements of the proposed Settlement, of their right to be excluded from the Hurricane Straps Class or Hurricane Straps Repose Subclass, and of each Hurricane Straps Class Member's or Hurricane Straps Repose Subclass Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the Hurricane Straps Class Notice and the Hurricane Straps Repose Subclass Notice will (i) meet the requirements of the laws of the State of Hawai'i (including Haw. R. Civ. P. 23), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, (ii) constitute the best notice practicable under the circumstances, and (iii) constitute due and sufficient notice to all potential Hurricane Straps Class Members and Hurricane Straps Repose Subclass Members.

Honorable Christina A. Snyder, *Roberts v. Electrolux Home Products, Inc.*, (September 11, 2014) No. 8:12-CV-01644 (C.D. Cal.):

> The Court considered the Settlement Notice Plan submitted by the parties, and the Declaration of Carla A. Peak of KCC describing the Notice Plan…The Court finds that the Notice itself is appropriate, and complies with Fed. R. Civ. P. 23(b)(3), 23(c)(2)(B), and 23(e), because the Settlement Notice, FAQ, and Publication Notice fairly, accurately, and reasonably informed members of the Settlement Class, in plain language, of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; (3) appropriate information about, and means for obtaining and submitting, a Claim Form; (4) appropriate information about the right of members of the Settlement Class to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, including Class Counsel's request for an award of attorneys' fees and costs, and the procedures to do so; and (5) appropriate information about the consequences of failing to submit a Claim Form or failing to comply with the procedures and the deadline for opting out of, or objecting to, the Settlement…Accordingly, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and California laws and due process. The Court finally approves the Notice Plan in all respects…Any objections to the notice provided to the Class are hereby overruled.

Honorable Curtis L. Collier, *In re: Skelaxin (Metaxalone) Antitrust Litigation*, (August 5, 2014) No. 1:12-md-02343 (E.D. Tenn.):

*The proposed form of Notice to End-Payor Settlement Class Members of the pendency and proposed settlement of this action ("Settlement Notice") set forth in the Notice Plan and Declaration of Carla Peak and the proposed method of dissemination of the Settlement Notice ("Notice Plan")—first to Third-Party Payors and then to Consumers—satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved.*

Honorable Jose L. Linares*, In re Hypodermic Products Antitrust Litigation*, (November 4, 2013) No. 2:05-CV-01602 (D. N.J.):

*Upon reviewing Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Class Certification and Approval of Notice Plan and the Declarations of Karin E. Fisch, Esq. and Carla A. Peak and the documents attached thereto, it is hereby ORDERED, ADJUDGED AND DECREED as follows:…Proposed forms of Notice are attached hereto as Exhibit A. The Court finds that the form fairly and adequately: (i) describes the terms and effect of the Settlement Agreement and of the Settlement; (ii) notifies the Indirect Purchaser Class concerning the proposed plan of allocation and distribution; (iii) notifies the Indirect Purchaser Plaintiffs' Lead Counsel will seek attorneys' fees not to exceed one-third of the Settlement Fund, reimbursement of expenses and incentive fees; (iv) gives notice to the Indirect Purchaser Class of the time and place of the Fairness Hearing; and (v) describes how the recipients of the Notice may submit a claim, exclude themselves from the Settlement or object to any of the relief requested.*

Judge M. Joseph Tiemann, *Billieson v. City of New Orleans*, (May 27, 2011) No. 94-19231 (Civ. D. Ct. La.):

*The plan to disseminate notice for the Insurance Settlements (the "Insurance Settlements Notice Plan") which was designed at the request of Class Counsel by experienced Notice Professionals Gina Intrepido-Bowden and Carla A. Peak… IT IS ORDERED as follows: 1. The Insurance Settlements Notice Plan is hereby approved and shall be executed by the Notice Administrator; 2. The Insurance Settlements Notice Documents, substantially in the form included in the Insurance Settlements Notice Plan, are hereby approved.*

## SAMPLE CASES

- *Billieson v. City of New Orleans*, D. Ct. La., No. 94-19231
- *Anderson v. Government of Canada*, Sup. Ct. NL, No. 2008NLTD166
- *Alvarez v. Haseko Homes, Inc*., Cir. Ct. HI., No. 09-1-2691-11
- *Cappalli v. BJ's Wholesale Club, Inc*., D. R.I., No. 1:10-cv-00407
- *In re Hypodermic Products Antitrust Litigation*,     D. N.J., No. 2:05-cv-01602
- *Charles v. Haseko Homes, Inc.*, Cir. Ct. HI., No. 09-1-2697-11
- *Kai v. Haseko Homes, Inc.*, Cir. Ct. HI., No. 09-1-2834-12
- *In re Skelaxin (Metaxalone) Antitrust Litigation*, E.D. Ten., MDL 2343, No. 1:12-cv-194
- *Fond du Lac Bumper Exchange Inc. v. Jui Li Enterprise Co. Ltd*., E.D. Wis., No. 2:09-cv-00852
- *Campos v. Calumet Transload Railroad, LLC*, N.D. Ill., 1:13-cv-08376
- *In re: The Home Depot, Inc., Customer Data Security Breach Litig.*, N.D. Ga., 1:14-md-02583
- *Barba v. Shire U.S., Inc.*, S.D. Fla., No. 1:13-cv-21158
- *Anderson v. The Attorney General of Canada*, Sup. Ct. NL, No. 2007 01T4955CP
- *In Re: Rust-Oleum Restore Marketing , Sales Practices and Products Liability Litigation*, N.D. Ill., No. 1:15-cv01364
- *Rafofsky v. Nissan North America, Inc.*, C.D. Cal., No. 2:15-cv-01848
- *Lavinsky v. City of Los Angeles*, Sup. Ct. Cal., No. BC542245
- *In re: Solodyn (Minocycline Hydrochloride) Antitrust Litigation,* D. Mass., No. 1:14-md-2503
- *Flaum v. Doctor's Associates, Inc. (d/b/a Subway)*, S.D. Fla., No. 16-cv-61198
- *Eck v. City of Los Angeles*, Sup. Ct. Cal., No. BC577028
- *In re Lidoderm Antitrust Litigation*, N.D. Cal., 3:14-md-02521
- *In re Asacol Antitrust Litigation*, D. Mass., No. 1:15-cv-12730
- *Nishimura v Gentry Homes, LTD*., Cir. Ct. Hawai'i, 11-11-1-1522-07-RAN
- *In re Monitronics International, Inc., TCPA Litigation*, N.D. W.Va., No. 5:11-cv-00090
- *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*, N.D. Cal., No. 4:15-cv-06314
- *In Re: Asacol Antitrust Litig*., D. Mass., No. 1:15-cv-12730
- *Brown v. The Attorney General of Canada*, O.S.C.J., No. cv-09-00372025
- *Eubank v. Pella Corporation*, N.D. Ill., No. 1:06-cv-04481
- *Ross v. Her Majesty the Queen*, O.S.C.J., No. T-370-17
- *In re Arby's Restaurant Group, Inc. Data Security Litigation*, N.D. Ga., No. 1:17-cv-1035

- *In re Experian Data Breach Litigation*, C.D. Cal., No. 15-cv-1592
- *In re IKO Roofing Shingles Products Liability Litigation*, C.D. Ill., No. 2:09-md-02104
- *In re Samsung Top-Load Washing Machine Marketing, Sales Prac. & Prod. Liab. Litig.,* W.D. Okla., No. 5:17-ml-02792
- *In re Trader Joe's Tuna Litigation*, C.D. Cal., No. 2:16-cv-01371
- *Hickcox-Huffman v. US Airways, Inc.*, N.D. Cal, No. 5:10-cv-05193
- *Smith v. Complyright, Inc.*, N.D. Ill., No. 1:18-cv-4990
- *Schneider v. Chipotle Mexican Grill, Inc.*, N.D. Cal., No. 3:16-cv-02200
- *Holt v. Foodstate, Inc.*, D. N.H., No. 1:17-cv-00637
- *Lecenat v. Douglas Perlitz*, D. Conn., No. 3:13-cv-01132
- *Elkies v. Johnson & Johnson Services, Inc.*, C.D. Cal., No. 2:17-cv-07320
- *In re Morning Song Bird Food Litigation,* S.D. Cal., No. 3:12-cv-01592
- *In re Nexus 6P Products Liability Litigation,* N.D. Cal., No 5:17-cv-02185
- *Worth v. CVS Pharmacy, Inc.*, E.D.N.Y., No. 2:16-cv-0200498
- *Abante Rooter and Plumbing, Inc. v. OH Insurance Agencylarm.com Inc.*, N.D. Ill., No. 1:15-cv-09025
- *In re: Sonic Corp. Customer Data Breach Litigation*, N.D. Ohio, No. 1:17-md-02807
- *Brickman v. Fitbit, Inc.*, N.D. Cal., No. 3:15-cv-02077
- *Cicciarella v. Califia Farms, LLC*, S.D.N.Y, No. 7:19-cv-08785
- *Suchanek v. Sturm Foods, Inc.*, S.D. Ill., No. 3:11-cv-00565
- *In re Thalomid and Revlimid Antitrust Litigation,* D. N.J., No. 2:14-cv-06997
- *Slovin v. Sunrun, Inc.,* N.D. Cal., No. 4:15-cv-05340
- *Pine v. A Place for Mom Inc.,* W.D. Wash., No. 2:17-cv-01826
- *McCurley v. Royal Seas Cruises, Inc.,* S.D. Cal., No. 17-cv-986
- *Loftus v. SunRun, Inc.*, N.D. Cal., No. 3:19-cv-01608
- *Friend v. FGF Brands (USA), Inc.,* N.D. Ill., No. 1:18-cv-07644
- *Tiller v. Her Majesty the Queen* (RCMP), Fed. Ct. Canada, No. T-1673-17
- *Heyder v. The Attorney General of Canada* (CAF-DND), Fed. Ct. Canada, No. T-460-17
- *Baker v. Saint-Gobain Performance Plastics Corp.*, N.D.N.Y., No. 1:16-cv-00917
- *In re Deva Concepts Products Liability Litigation*, S.D.N.Y., No. 1:20-cv-1234
- *Morrisey v. Tula Life, Inc.*, Cir. Ct. Ill., No. 2021L000646
- *In re Intuniv Antitrust Litigation*, D. Mass., No. 1:16-cv-12396
- *Burdick v. Tonoga Inc.*, Sup. Ct. N.Y., No. 2016-253835
- *Khan v. Boohoo.com USA, Inc.*, C.D. Cal., No. 2:20-cv-03332
- *Staley v. Gilead Sciences, Inc.*, N.D. Cal., No. 3:19-cv-02573
- *Diaz v. Google LLC*, N.D. Cal., No. 5:21-03080
- *Purvis v. Aveanna Healthcare, LLC*, N.D. Ga., No. 1:20-cv-02277
- *Mitchell v. Intero Real Estate Services*, N.D. Cal., No. 5:18-cv-05623
- *In re Solara Medical Supplies Data Breach Litigation*, S.D. Cal., No. 3:19-cv-02284
- *St. John, Jr. v. 3M Company*, Cir. Ct. Ala., No. CV-2002-000408
- *Crane v. Sexy Hair Concepts, LLC*, D. Mass., No. 1:17-cv-10300
- *Jackson v. Wendy's International, LLC*, M.D. Fla., No. 6:16-cv-00210
- *In re Remicade Antitrust Litigation (Indirect)*, E.D. Pa., No. 2:17-cv-04326
- *Wesley v. Snap Finance LLC*, D. Utah, No. 2:20-cv-00148
- *Lucas v. Synchrony Bank*, N.D. Ind., No. 4:21-cv-00070
- *Alcazar v. Fashion Nova, Inc.*, N.D. Cal., No. 4:20-cv-01434
- *Manopla v. Home Depot USA, Inc.*, D. N.J., No. 3:15-cv-01120
- *Palmer v. KCI USA, Inc.*, D. Neb., 4:19-cv-3084
- *In Re: Delta Air Lines, Inc.*, C.D. Cal., No. 20-cv-00786
- *Martinez v. Nissan North America, Inc.*, M.D. Tenn., No. 3:22-cv-00354
- *Tepper v. Santander Bank, N.A.*, S.D.N.Y., No. 7:20-cv-00501
- *National Veterans Legal Services Program v. United States of America*, D. D.C., No. 1:16-cv-00745
- *Wood Mountain Fish LLC v. Mowi ASA (Indirect)*, S.D. Fla., No. 1:19-cv-22128
- *Head v. Citibank, N.A.*, D. Ariz., No. 3:18-cv-08189
- *Khan v. Boohoo.com USA, Inc.*, S.D. Cal., No. 2:20-cv-03332
- *Habberfield v. Boohoo.com USA, Inc.*, C.D. Cal., 2:22-cv-03899
- *DeSouza v. Aerocare Holdings LLC*, M.D. Fla., No. 22-cv-1047
- *Fralish v. Ceteris Portfolio Services, LLC,* N.D. Ind., No. 3:22-cv-00176

- *Meeks v. The Sherwin-Williams Company*, Merced Cty., Cal., No. 23-cv-02082
- *RT&S Investment Group, LLC v. City of Miami*, Miami-Dade Cty., Fla., No. 14-32239
- *Restivo-Conley v. Southern Orthopedic Associates, S.C.*, Williamson Cty., Ill., No. 2022LA77
- *Saucedo v. Stonefiled Home, Inc.*, Merced Cty., Cal., No. 19-cv-04303
- *Raniell v. Spear Wilderman*, E.D. Pa., No. 23-cv-01442
- *Spencer v. Knix Wear, Inc.*, S.D.N.Y., No. 1:23-cv-07823
- *Lukis v. OnePlus USA Corp.*, Dupage Cty., Ill., No. 2023LA000573
- *Zarkower v. City of New York*, E.D.N.Y., No. 19-cv-3843
- *Faulkner v. Acella Pharmaceuticals, LLC*, N.D. Ga., No. 2:22-cv-00092
- *In re College Athlete NIL Litigation*, N.D. Cal., No. 4:20-cv-03919
- *Barrett v. Apple Inc.*, N.D. Cal., No. 5:20-cv-04812
- *Tobajian v. Allstate Insurance Co.*, C.D. Cal., No. 2:23-cv-00753