# Exhibit "I"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| Elaine Johnson,<br><br>    Plaintiff,<br><br>*v*.<br><br>United HealthCare Services, Inc.,<br><br>    Defendant. | Civil Action No.: 5:23-cv-00522 |

**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S**
**OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**INITIAL REQUEST FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant United HealthCare Services, Inc. ("United" or "Defendant") by and through its undersigned counsel, hereby serves the following Objections and Responses to Plaintiff's Initial Requests for Admission (the "Requests") that were served on Defendant on October 27, 2023.

United responds to the Requests subject to and without waiving the objections set forth below. United may specifically refer to one or more objections in responding to a Request, but any failure to do so should not be construed as a waiver of any objection. Nor will any objections be waived by the furnishing of documents or information responsive to a specific Request. The following objections and responses are based on United's current knowledge, understanding, and belief and the documents, things, and information available to United. United's responses are provided without prejudice to United's right to amend, correct, or supplement these responses at any time before any hearing in or trial of this action. United also states that the word usage and sentence structure may be that of the attorney assisting in the preparation of these responses to the Requests and thus, does not necessarily purport to be the precise language of the executing party.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      United objects to the instruction regarding the Relevant Time Period as overbroad and not proportional to the needs of the case and lacking reasonable scope to the extent that it seeks information relating to calls made outside of the relevant statute of limitations for the Telephone Consumer Protection Act ("TCPA"). While expressly reserving all rights as to the period relevant to the allegations, claims, or defenses in this action, and reserving all rights to respond or object at the appropriate time, United's responses to the Requests will cover the time period from October 12, 2019 to the date the First Amended Complaint was filed on October 11, 2023 ("Time Period at Issue").

2.      These responses and objections are made on behalf of United (as defined on page 1 of these Objections and Responses) only and should not be construed as applicable to any other party, entity, or person unless otherwise stated. United will respond to the Requests based only on information known to it, and which is in its own possession, custody, or control, as required by the Rules.

3.      United objects to the definition of the term "communication" on the grounds that it is overbroad, unduly burdensome, and seeks to impose obligations on United beyond those required by the applicable provisions of the Federal Rules of Civil Procedure or the Local Civil Rules of the Middle District of Florida.

4.      United objects to the definition of the term "express consent" to the extent that it seeks to impose a narrower definition than that provided by the TCPA, the Federal Communications Commission ("FCC"), and case law.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the foregoing Objections to Definitions and Instructions, each of which are incorporated by reference into the following specific responses and objections ("Specific Objections"), United responds to the individual Requests as follows:

**REQUEST NO. 1:**

Admit Defendant made, or caused to be made, calls to Plaintiff between October 12, 2019 and the present.

**DEFENDANT'S RESPONSE:**

United admits that it made, or caused to be made, calls to (352) 406-9142 between August 12, 2021 and April 13, 2022.

**REQUEST NO. 2:**

Admit Defendant made, or caused to be made, calls to (352) 406-9142 between October 12, 2019 and the present.

**DEFENDANT'S RESPONSE:**

United objects to the extent that this Request seeks information regarding communications made to or by a United member rather than Plaintiff as not relevant to any party's claim or defense and not proportional to the needs of the case. United admits that it made, or caused to be made, calls to (352) 406-9142 between August 12, 2021 and April 13, 2022.

**REQUEST NO. 3:**

Admit Defendant made, or caused to be made, calls in connection with which it used, or caused to be used, an artificial or prerecorded voice, to Plaintiff between October 12, 2019 and the present.

**DEFENDANT'S RESPONSE:**

United admits that it made, or caused to be made, calls using a prerecorded voice to (352) 406-9142 between August 12, 2021 and April 13, 2022.

**REQUEST NO. 4:**

Admit Defendant made, or caused to be made, calls in connection with which it used, or caused to be used, an artificial or prerecorded voice, to (352) 406-9142 between October 12, 2019 and the present.

**DEFENDANT'S RESPONSE:**

United objects to the extent that this Request seeks information regarding communications made to or by a United member rather than Plaintiff as not relevant to any party's claim or defense and not proportional to the needs of the case. United admits that it made, or caused to be made, calls using a prerecorded voice to (352) 406-9142 between August 12, 2021 and April 13, 2022.

**REQUEST NO. 5:**

Admit Defendant made, or caused to be made, calls in connection with which it used, or caused to be used, an artificial or prerecorded voice, to Plaintiff between October 12, 2019 and the present, and after Plaintiff informed Defendant it was calling the wrong number.

**DEFENDANT'S RESPONSE:**

United denies the Request.

**REQUEST NO. 6:**

Admit Defendant made, or caused to be made, calls in connection with which it used, or caused to be used, an artificial or prerecorded voice, to (352) 406-9142 between October 12, 2019 and the present, and after Plaintiff informed Defendant it was calling the wrong number.

**DEFENDANT'S RESPONSE:**

United objects to the extent that this Request seeks information regarding communications made to or by a United member rather than Plaintiff as not relevant to any party's claim or defense and not proportional to the needs of the case. United denies the Request.

**REQUEST NO. 7:**

Admit Defendant made, or caused to be made, calls in connection with which it used, or caused to be used, an artificial or prerecorded voice, to Plaintiff between October 12, 2019 and the present, and after someone informed Defendant or its vendor that Defendant was calling the wrong number.

**DEFENDANT'S RESPONSE:**

United objects to the term "vendor" as undefined, overly broad, vague, ambiguous, and unduly burdensome. United denies the Request.

**REQUEST NO. 8:**

Admit Defendant made, or caused to be made, calls in connection with which it used, or caused to be used, an artificial or prerecorded voice, to (352) 406-9142 between October 12, 2019 and the present, and after someone informed Defendant or its vendor that Defendant was calling the wrong number.

**DEFENDANT'S RESPONSE:**

United objects to the term "vendor" as undefined, overly broad, vague, ambiguous, and unduly burdensome. United further objects to the extent that this Request seeks information regarding communications made to or by a United member rather than Plaintiff as not relevant to any party's claim or defense and not proportional to the needs of the case. United denies the Request.

5

**REQUEST NO. 9:**

Admit Defendant does not have any business relationship with Plaintiff.

**DEFENDANT'S RESPONSE:**

United objects to the phrase "business relationship" as undefined, overly broad, vague, ambiguous, and unduly burdensome. United further objects to this Request to the extent it seeks information unrelated to artificial or prerecorded voice calls of the type allegedly received by Plaintiff in connection with the HouseCalls program. United states that it lacks knowledge or information sufficient to form a belief as to whether United has any business relationship with Plaintiff.

**REQUEST NO. 10:**

Admit Defendant did not have any business relationship with Plaintiff at the time it made, or caused to be made, calls to (352) 406-9142.

**DEFENDANT'S RESPONSE:**

United objects to the phrase "business relationship" as undefined, overly broad, vague, ambiguous, and unduly burdensome. United further objects to this Request to the extent it seeks information unrelated to artificial or prerecorded voice calls of the type allegedly received by Plaintiff in connection with the HouseCalls program. United states that it lacks knowledge or information sufficient to form a belief as to whether United had any business relationship with Plaintiff at the time it made or caused to be made calls to (352) 406-9142.

**REQUEST NO. 11:**

Admit Defendant has no records of an account with Plaintiff.

6

**DEFENDANT'S RESPONSE:**

United objects to the phrase "records of an account" as undefined, overly broad, vague, ambiguous, and unduly burdensome. United objects to this Request to the extent it seeks information unrelated to artificial or prerecorded voice calls of the type allegedly received by Plaintiff in connection with the HouseCalls program. United states that it lacks knowledge or information sufficient to form a belief as to whether United has records of an account with Plaintiff during the Time Period at Issue.

**REQUEST NO. 12:**

Admit Plaintiff was not the intended recipient of Defendant's calls to (352) 406-9142.

**DEFENDANT'S RESPONSE:**

United admits that its calls between August 12, 2021 and April 13, 2022 to (352) 406-9142 were intended for its health plan member who was eligible for the HouseCalls program, rather than Plaintiff.

**REQUEST NO. 13:**

Admit Plaintiff was not the intended recipient of Defendant's vendor's calls on Defendant's behalf to (352) 406-9142.

**DEFENDANT'S RESPONSE:**

United objects to the term "vendor" as undefined, overly broad, vague, ambiguous, and unduly burdensome. United denies the Request.

**REQUEST NO. 14:**

Admit Defendant did not obtain (352) 406-9142 from Plaintiff.

7

**DEFENDANT'S RESPONSE:**

United admits that it obtained the number (352) 406-9142 from its health plan member who was eligible for the HouseCalls program, rather than Plaintiff.

**REQUEST NO. 15:**

Admit Plaintiff did not provide (352) 406-9142 to Defendant.

**DEFENDANT'S RESPONSE:**

United admits that a health plan member who was eligible for the HouseCalls program, rather than Plaintiff, provided the number (352) 406-9142 to United.

**REQUEST NO. 16:**

Admit Defendant does not have a written or electronic document from Plaintiff by way of which she gave permission for Defendant to make, or cause to be made, calls to (352) 406-9142, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

**DEFENDANT'S RESPONSE:**

United objects to this Request to the extent it seeks information unrelated to artificial or prerecorded voice calls of the type allegedly received by Plaintiff in connection with the HouseCalls program. United admits that it has an enrollment form from an eligible health plan member, which provides the member's phone number and therefore consents to receive calls. United further admits that based on a reasonable investigation to date it does not have any records from Plaintiff associated with the phone number (352) 406-9142.

**REQUEST NO. 17:**

Admit Plaintiff did not give permission for Defendant to make, or cause to be made, calls to (352) 406-9142 using an artificial or prerecorded voice.

**DEFENDANT'S RESPONSE:**

United objects to this Request to the extent it seeks information unrelated to artificial or prerecorded voice calls of the type allegedly received by Plaintiff in connection with the HouseCalls program. United objects to the term "permission" as undefined, overly broad, vague, ambiguous, and unduly burdensome. United admits that it received consent from an eligible health plan member to receive calls. United further admits that based on a reasonable investigation to date it does not have any records from Plaintiff associated with the phone number (352) 406-9142.

**REQUEST NO. 18:**

Admit Plaintiff did not give Defendant express consent to make, or cause to be made, calls to (352) 406-9142 using an artificial or prerecorded voice.

**DEFENDANT'S RESPONSE:**

United objects to the term "express consent" to the extent that it seeks to impose a narrower definition than that provided by the TCPA, the FCC, and case law. United further objects to this Request to the extent it seeks information unrelated to artificial or prerecorded voice calls of the type allegedly received by Plaintiff in connection with the HouseCalls program. United admits that it received express consent from an eligible health plan member to make, or cause to be made, calls to (352) 406-9142 using an artificial or prerecorded voice. United further admits that based on a reasonable investigation to date it does not have any records from Plaintiff associated with the phone number (352) 406-9142.

**REQUEST NO. 19:**

Admit Defendant does not use the Federal Communications Commission's Reassigned Numbers Database.

**DEFENDANT'S RESPONSE:**

United objects to this Request to the extent that it seeks an admission regarding all calls placed by United as overly broad and not proportional to the needs of the case. United further objects to this Request to the extent it seeks information unrelated to artificial or prerecorded voice calls of the type allegedly received by Plaintiff in connection with the HouseCalls program. United stands on its objections.

**REQUEST NO. 20:**

Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database at the time it made, or caused to be made, calls to (352) 406-9142.

**DEFENDANT'S RESPONSE:**

United objects to this Request to the extent that it seeks an admission regarding all calls placed by United as overly broad and not proportional to the needs of the case. United further objects to this Request to the extent it seeks information unrelated to artificial or prerecorded voice calls of the type allegedly received by Plaintiff in connection with the HouseCalls program. United admits that it received a valid phone number from an eligible health plan member, rather than Plaintiff. United further admits that it relied on information that it received from its member, rather than the Federal Communications Commission's Reassigned Numbers Database, as it relates to calls to (352) 406-9142 in connection with the HouseCalls program.

**REQUEST NO. 21:**

Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database with respect to (352) 406-9142.

10

**DEFENDANT'S RESPONSE:**

United objects to this Request to the extent it seeks information unrelated to artificial or prerecorded voice calls of the type allegedly received by Plaintiff in connection with the HouseCalls program. United admits that it received a valid phone number from an eligible health plan member. United further admits that it relied on information from its member, rather than the Federal Communications Commission's Reassigned Numbers Database, for purposes of calls to (352) 406-9142 in connection with the HouseCalls program.

Dated: December 18, 2023                         Respectfully submitted,

                                                By: */s/ Carolyn A. DeLone*
                                                Adam K. Levin
                                                Carolyn A. DeLone
                                                Katherine I. Culora
                                                HOGAN LOVELLS US LLP
                                                555 13th Street NW
                                                Washington, DC 20004
                                                Tel: (202) 637-5600
                                                Fax: (202) 637-5910
                                                adam.levin@hoganlovells.com
                                                carrie.delone@hoganlovells.com
                                                katherine.culora@hoganlovells.com

                                                Allen P. Pegg
                                                Florida Bar No. 597821
                                                HOGAN LOVELLS US LLP
                                                600 Brickell Avenue, Suite 2700
                                                Miami, FL 33131
                                                Tel: (305) 459-6500
                                                Fax: (305) 459-6550
                                                allen.pegg@hoganlovells.com

                                                *Counsel for Defendant United HealthCare
                                                Services, Inc.*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2023, a true and correct copy of this document was

served via email to all counsel.


*/s/ Fleming Farrell*
Fleming Farrell