# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

| | |
|---|---|
| ELAINE JOHNSON, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> UNITED HEALTHCARE SERVICES, INC., <br><br> Defendant. | Case No.: 5:23-cv-00522-GAP-PRL |

## ORDER APPROVING
## CLASS ACTION SETTLEMENT

This matter came before the Court on July 10, 2025, for a fairness hearing to determine whether the proposed settlement in this case complies with the requirements of Federal Rule of Civil Procedure ("Rule") 23. At that hearing, the Court considered Plaintiff's Unopposed Motion for Attorney's Fees and Costs (Doc. 54) as well as Plaintiff's Unopposed Motion for Approval of the Class Action Settlement (Doc. 55). Upon consideration thereof, it is hereby **ORDERED** that said motions are **GRANTED**.

It is further **ORDERED** that:

This Court has jurisdiction over the subject matter of this Lawsuit and over all settling parties.

Pursuant to Rule 23(b)(3), and for the reasons this Court included in the Order Preliminarily Approving the Settlement (Doc. 52), the Lawsuit is finally certified, for

1

settlement purposes, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

> All persons and entities throughout the United States (1) to whom United HealthCare Services, Inc. placed a call regarding the Optum® HouseCalls program relating to a UnitedHealthcare plan, (2) directed to a cellular telephone number customarily used by a person who is not and was not a UnitedHealthcare member or plan holder, (3) in connection with which United HealthCare Services, Inc. used an artificial or prerecorded voice, (4) from October 12, 2019 through February 10, 2025.

Pursuant to Rule 23, this Court finally certifies Plaintiff as the class representative, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC ("GDR") as class counsel.

Pursuant to this Court's Order Preliminarily Approving the Settlement, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions were in conformity with this Court's Order Preliminarily Approving the Settlement and satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.

This Court again finds, for the reasons this Court included in the Order Preliminarily Approving the Settlement, that the settlement class satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A.   The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.   There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

2

    C.    Plaintiff's claims are typical of the claims of the settlement class members;

    D.    Plaintiff, Mr. Radbil, and GDR have fairly and adequately represented and protected the interests of all settlement class members;

    E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy; and

    F.    A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors:

    A.    The existence of fraud or collusion behind the settlement:

The parties reached an agreement to resolve this matter only after mediating Plaintiff's claims against Defendant with Bruce Friedman of JAMS. The settlement was the result of arm's-length settlement negotiations, as directed by an experienced class action mediator. *See James v. JPMorgan Chase Bank, N.A.*, No. 15-2424, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016) ("No indication appears that the settlement resulted from collusion. Rather, the parties settled with the assistance of court-appointed mediator[.]").

    B.    The complexity, expense, and likely duration of the litigation:

There is "an overriding public interest in favor of settlement, particularly in class

3

actions that have the well-deserved reputation as being most complex." *Assoc. for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002); *In Re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (noting "a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable[,] and settlement conserves judicial resources").

Absent settlement, significant motion practice lay ahead, including briefing on Plaintiff's motion for class certification, and likely competing motions for summary judgment. Given the considerable work already performed in this matter—and the work left to perform absent settlement, including any appeals—settlement here is warranted. *See, e.g.*, *Bennett v. Behring Corp.*, 96 F.R.D. 343, 349 (S.D. Fla. 1982), *aff'd,* 737 F.2d 982 (11th Cir. 1984) (plaintiffs faced a "myriad of factual and legal problems" that led to "great uncertainty as to the fact and amount of damage," which made it "unwise [for plaintiffs] to risk the substantial benefits which the settlement confers . . . to the vagaries of a trial").

C. The stage of the proceedings and the amount of discovery completed:

Courts also consider "the degree of case development that class counsel have accomplished prior to settlement" to ensure that counsel had an adequate appreciation of the merits of the case before negotiating. *In re Checking Overdraft Litig.*, 830 F. Supp. 2d 1330, 1349 (S.D. Fla. 2011). At the same time, "[t]he law is clear that early settlements are to be encouraged, and accordingly, only some reasonable amount of discovery should be required to make these determinations." *Ressler v. Jacobson*, 822 F.

4

Supp. 1551, 1555 (M.D. Fla. 1992).

The parties engaged in significant discovery, focused both on Plaintiff's individual claims and on those of absent settlement class members. The settlement was, therefore, consummated when the parties were well-informed regarding the strengths and weaknesses of their respective positions. *See Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 660, 669 (M.D. Ala. 1988) ("That is, Class Counsel developed ample information and performed extensive analyses from which to determine the probability of their success on the merits, the possible range of recovery, and the likely expense and duration of the litigation.").

D. The probability of Plaintiff's success on the merits:

Courts additionally consider "the likelihood and extent of any recovery from the defendant[] absent . . . settlement." *In re Domestic Air Transp.*, 148 F.R.D. 297, 314 (N.D. Ga. 1993); *see also Ressler*, 822 F. Supp. at 1555 ("A Court is to consider the likelihood of the plaintiff's success on the merits of his claims against the amount and form of relief offered in the settlement before judging the fairness of the compromise."). However, a proposed settlement that amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate, because a settlement must be evaluated in light of the attendant risks with litigation. *In re Checking Overdraft Litig.*, 830 F. Supp. 2d at 1350. These factors also weigh in favor of the settlement here.

The per-claimant recovery of over $146 provides class members with monetary relief that exceeds other approved TCPA class action settlements. *See, e.g., Gehrich v.*

5

*Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) ($52.50 per claimant); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 947 (D. Minn. 2016) ($33.20 per claimant); *Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) (approximately $45 per claimant); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per person falls "within the range of recoveries" in a TCPA class action); *Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (claimants received between $20 and $40 each); *Steinfeld v. Discover Fin. Servs.*, No. 12-1118, 2014 WL 1309352, at *7 (N.D. Cal. Mar. 31, 2014) (approving a settlement that ultimately distributed less than $50 per claimant, *see* ECF No. 101).

In sum, the settlement constitutes an objectively favorable result for settlement class members, and outweighs the mere possibility of future relief after protracted and expensive litigation.

E.  The opinions of Plaintiff and GDR:

"In determining whether to approve a proposed settlement, the Court is entitled to rely upon the judgment of the parties' experienced counsel." *In re Domestic Air Transp.*, 148 F.R.D. at 312-13.

GDR is experienced in class action litigation, particularly in cases under the TCPA, and it firmly believes that the settlement is fair, reasonable, adequate, and in the best interests of class members. *Accord Mashburn*, 684 F. Supp. at 669 ("If plaintiffs' counsel did not believe these factors all pointed substantially in favor of this settlement

6

as presently structured, this Court is certain that they would not have signed their names to the settlement agreement.").

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

- (A) the class representatives and class counsel have adequately represented the class;
- (B) the proposal was negotiated at arm's length;
- (C) the relief provided for the class is adequate, taking into account:
  - (i) the costs, risks, and delay of trial and appeal;
  - (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
  - (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
  - (iv) any agreement required to be identified under Rule 23(e)(3); and
- (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is hereby approved contains the following material terms:

    A.    <u>Settlement Fund</u> – Defendant established a $3,495,000 non-reversionary fund (the "Settlement Fund").

    B.    <u>Deductions</u> – The following are to be deducted from the Settlement Fund before any other distributions are made:

        a.    The costs for the administration of the settlement and class notice;

        b.    GDR's attorneys' fees, in the amount of $1,165,000; and

        c.    Reimbursement of GDR's litigation costs and expenses in the amount of $37,620.09.

    C.    <u>Settlement Payments to Class Members</u> – Each settlement class member who submitted an approved claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty days after issuance.

The settlement class members were given an opportunity to object to the settlement. No settlement class member objected to the settlement or the requests for attorneys' fees, costs, or expenses. No settlement class member made a valid and timely request for exclusion.

This order is binding on all settlement class members.

Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against the released party, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims

are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement shall not be construed as an admission by Defendant of any liability or wrongdoing.

This Court hereby retains continuing jurisdiction over the Parties and all matters relating to this Lawsuit, including the administration and consummation of this order.

For the reasons set forth in Plaintiff's motion for attorneys' fees, costs, and expenses, ECF No. 54, class counsel's request for an award of attorneys' fees of $1,165,000 of the settlement fund is approved.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $37,620.09 is approved. *See id.*

Plaintiff's Motion to Certify Class is hereby **DENIED as moot.**

The Clerk is directed to close the case.

**DONE** and **ORDERED** this 10th day of July, 2025.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE